Matthias, J.
 

 Only one question of law is presented by the record in this case, and that may be
 
 *391
 
 stated clearly and concisely as follows: Does Section 5332, General Code, authorize the levying of a succession tax where property is devised upon certain conditions, which the devisee rejects by renouncing the devise? This question is readily determined from a consideration of the provisions of the Ohio statute referred to and the application of the terms therein- employed to the situation presented by the record.
 

 This section provides that ‘ ‘ a tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the úse of a person, institution or corporation, in the following cases * * The Legislature, at the time of the enactment of this provision, defined the term “succession” in Section 5331, General Code, as follows:.
 

 “2. ‘Succession’ means the passing of property in possession or enjoyment, present or future.”
 

 We need only apply that definition to the situation here presented. The testator by the terms of his will placed before W. B. Leach and Alverda Leach an option under which they might take the property therein described, by consenting to and complying with certain conditions therein set forth. These conditions they evidently deemed burdensome and objectionable, and the proposal therefore met with their disfavor. Being unwilling to pay the price stipulated, they refused to accept the property. Their refusal was announced in the form of a renunciation duly filed in the probate court. Under the circumstances, as a matter of course, they could not succeed to the property, and there is no “passing of property in possession or enjoyment, present or future.” The mere offer set forth in the will,
 
 *392
 
 which, they refused to accept, cannot effectuate a passing of the property. Under the terms of the will itself it' could not pass to the beneficiaries named. The inheritance or succesion tax cannot be assessed upon the theory that there was a passing of the property, when, at most, there was only an option to take the property upon attached conditions which were promptly rejected, thereby making it impossible for any beneficial' interest whatever to pass to the persons named in the will. The will contained no residuary clause, and therefore the property in question must be regarded as intestate property and pass as such. The quit-claim deeds executed to the widow by said devisees do not alter the situation, so far as the succession tax is concerned. That evidently was done only for the purpose of relieving the property of a possible cloud.
 

 We are not called upon to consider any question that might arise in a situation where there was collusion and fraud, for eoneededly there is nothing of that kind in this case. Our view is supported by the. recent decision of the Supreme Court of Illinois in
 
 People
 
 v.
 
 Flanagin,
 
 331 Ill., 203, 162 N. E., 848.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen, Kinkade and Robinson, JJ., concur.