Bettman, J.
 

 The question here involved is whether the various trusts, created by the will of the testatrix for the purpose of paying weekly sums of money to pastors of designated churches for the saying of masses, are taxable under the inheritance tax laws of
 
 *147
 
 Ohio. Tho governing statute, Section 5332, General Code, provides:
 

 “A
 
 tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution or corporation, in the following cases:
 

 “1. When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death. * * *”
 

 By the language of the statute the tax is levied upon the 44succession to any property.” “Succession” is defined by Section 5331, General Code, as “the passing of property in possession or enjoyment, present or future.” Applying these statutory provisions to the facts before us, we see here a
 
 passing of property
 
 to M. James Roche,
 
 in possession
 
 as trustee, and to the pastor of the specified church,
 
 in enjoyment present and future
 
 as
 
 cestui que trust
 
 — clearly a 4 4 succession” within the plain wording of the statute. That there is a succession “in trust # *
 
 for the use of a person”
 
 as defined by the levying statute is clear, since, by the language of the will, the pastor saying the masses receives the donated funds for his use. (Italics ours.) Sufficiently designated to enable the trustee to perform his trust and the
 
 cestui
 
 to enforce performance, the pastor of the specified church is expressly identified as the “person” to receive the property.
 

 Certain types of succession, although literally within the terms of Section 5332, General Code, escape taxation because of the specific exemptions contained in Section 5334, General Code (110 Ohio Laws, 26), which provides:
 

 '' The succession to any property passing to or for the use of the state of Ohio, or to or for the use of a municipal corporation, or other political subdivision thereof for exclusively public purposes, or public institutions of learning within this state, or institution
 
 *148
 
 of learning within any state of the United States which state does not impose an inheritance, estate or transfer tax on property given, devised or bequeathed by a resident thereof to an institution of learning within this state,
 
 or to or for the use of cm institution for purposes only of public charity,
 
 carried on in whole or in substantial part within this state, shall not be subject to the provisions of the preceding sections of this subdivision of this chapter. * * *” (Italics ours.)
 

 Only the italicized exception in favor of charitable institutions could conceivably be applied to the trusts created by the testatrix. But this exception is of no avail because, as is specifically admitted, the money expended for masses goes as .a gratuity for the personal use of the priest who says the masses. It is not seriously contended by counsel that these bequests are within any of the exceptions of Section 5334, General Code.
 

 Being clearly successions within the meaning of Section 5332, General Code, and not being within the exceptions of Section 5334, General Code, the trusts created by the testatrix for the purpose of having masses said by the designated pastors are subject to inheritance taxes. What is here involved is not whether the testatrix had the right to transmit a part or all of her estate for the purposes indicated, but whether the trusts thus created should be relieved of the general burden of the Ohio inheritance taxes. The Ohio Legislature has decreed otherwise, and any relief from such taxation must be sought there. However laudable the purpose of the bequests may be regarded, the courts do not have the power to legislate.
 

 It remains to consider some of the points urged by counsel and followed by the dissenting opinion in the Court of Appeals. It is argued that in order to receive the moneys left by the testatrix, the designated pastors must say the required masses and that the saying of masses involves the performance of services and
 
 *149
 
 expenditures for necessary supplies. And so it is contended that there is no taxibility because there is no gift — that the money is paid out for services rendered. This argument, however, misconstrues the operation and effect of the taxing statute. The tax is levied on successions by will
 
 of every hind,
 
 unless specifically exempted, and such a succession need not necessarily be a gift. There is no qualification in the statute exempting a succession, otherwise taxable, because the recipient fails to realize 100 per cent benefit from the succession. If Blackacre is devised to A in fee, and A finds that because of a continuing depression the taxes on Blackacre equal and consume the income, it is error to say that there is no succession to Blackacre within the meaning of the statute. The ownership of property has in the experience of many been onerous. If the succession to Blackacre is too burdensome, A may refuse to take it; but if he does take it, he is inescapably the recipient of a succession by will, and a succession by will is taxable.
 

 It is further argued that if a testator directs his executor to expend money to erect a monument or to have masses said, no tax will be due.
 
 (Tax Commission
 
 v.
 
 Gerdeman, supra.)
 
 And it is asked, whether the trusts here created are not in essence the same as a direction to an executor, and, if so, why are they taxable? The answer is twofold. First, there is a very real and practical difference between the long-term trusts here set up and a direction to an executor. An executorship is terminated in a relatively short time, but the trusts here created by the testatrix may continue indefinitely — as long as the payments made by the trustee do not exceed the income from or exhaust the principal of the trust
 
 res.
 
 The testatrix obviously desired the disbursement of her funds in small amounts over a long period of time, with power in those financially interested therein to enforce the trusts. This continuing and positive accomplishment could not be
 
 *150
 
 achieved by the testatrix through the medium of a mere direction to her executor. Second, although a bequest to a trustee and a direction to an executor may have points of similarity, they nevertheless differ in the crucial elements which determine taxability. This court has repeatedly held that the incidence of the Ohio inheritance tax is upon the
 
 succession,
 
 that is, upon the right to receive property from the estate of a decedent.
 
 Tax Commission, ex rel. Price, Atty. Genl.,
 
 v.
 
 Lamprecht, Admr.,
 
 107 Ohio St., 535, 544, 140 N. E., 333, 31 A. L. R., 985;
 
 Tax Commission
 
 v.
 
 Glass et al., Exrs.,
 
 119 Ohio St., 389, 164 N. E., 425. Considering a mere direction to an executor, where does one find any
 
 succession
 
 — any
 
 passing of property by
 
 will— or any
 
 right
 
 in any particular person to
 
 receive property
 
 from the decedent’s estate? There is merely the authorization to an executor to make an expenditure from the assets in his hands, before the division and passing of the property of .the estate. There is thus no succession to any property upon which the tax may fall.
 

 Soon after the passage of the present inheritance tax laws, bequests of the nature here made were found taxable by the Attorney General of Ohio (Vol. 1, Opinions of Attorney General [1920], 388, No. 1126. See, also, Vol. 1, Opinions of Attorney General [1922], 8, No. 2780). No contrary decision has since been made by any Ohio court. There is here involved no question of the reasonableness of the amounts trusteed nor of the right of the testatrix to make such distribution of her estate. On the single question at issue — the taxability of the trusts created — we hold that there was a “succession to * * * property * * * by will” falling within the clear language of the Ohio Inheritance Tax Law and that the trusts here created must bear their share of the burden resting generally on succession to prop
 
 *151
 
 erty that passed by will. The judgment of the court below is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.