13 N.J. Super. 596 (1951)
81 A.2d 191
FIDELITY UNION TRUST COMPANY, A NEW JERSEY CORPORATION, AND ARTHUR E.C. HELLER, AS TRUSTEES OF THE TRUST ESTABLISHED BY ARNAUD G. HELLER ON APRIL 5, 1935, PLAINTIFFS,
v.
TRINDA HELLER ANTHONY, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 14, 1951.
*599 Mr. James G. Henry, Jr., attorney for plaintiffs.
Messrs. Pitney, Hardin & Ward (Mr. Frederick Frelinghuysen appearing), attorneys for defendants Arthur E.C. Heller, Ruth Heller Lowe, Wren Heller Tatlock, Gladys Heller Fenlin.
Mr. Aaron Marder, attorney for defendant Elaine Heller Blount.
Mr. George D. McLaughlin, attorney for defendant Constance Pauline Henry.
Messrs. Martin & Reiley, attorneys for defendants Cecile C. Lowe, Robert A. Lowe and Wren Lee.
*600 Mr. Michael J. Donlon, attorney for defendant Constance P. Henry, as administratrix of the estate of Frances Heller Blount, deceased.
Messrs. McCarter, English & Studer (Mr. Nicholas Conover English appearing), attorneys for defendants Trinda Heller Anthony and William F. Aigler, administrator de bonis non with the will annexed of the estate of Arnaud G. Heller, deceased.
Mr. James W. Hart, guardian ad litem for defendant Martha Ellen Henry.
Mr. William H. Corbin, guardian ad litem of infant defendants, pro se.
STEIN, J.S.C.
Fidelity Union Trust Company and Arthur E.C. Heller, trustees of the trust created by deed of trust made by Arnaud G. Heller on April 5, 1935, pray allowance of their account as submitted, which account is admitted to be correct by all parties in interest.
By the second count of the complaint the trustees pray instructions of the court: (a) whether the net accumulations as of the death of Paul E. Heller or any part thereof are income or corpus; (b) whether the estate of Arnaud G. Heller is entitled to have refunded to it by plaintiffs the money advanced by Arnaud G. Heller to pay premiums on said life insurance policy, together with sums advanced for other purposes; and whether any such repayments shall be made out of corpus or out of said accumulations; (c) whether the estate of Arnaud G. Heller is indebted to plaintiffs for the sum of $10,433.61 necessarily paid out for gift and inheritance taxes and expenses therewith, or any part thereof; (d) whether any part of said accumulation is payable to Constance P. Henry, administratrix of Frances Heller Blount.
*601 The facts are stipulated to be as follows:
1. On April 5, 1935, Arnaud G. Heller, as donor, executed a deed of trust to the Fidelity Union Trust Company, as trustee, and deposited with and assigned to said trustee, as corpus, 1,000 shares of the Heller Brothers Company $100 par value common stock and policy No. 8368048 issued by the Prudential Insurance Company of America dated March 9, 1934, in the amount of $75,000 on the life of Paul E. Heller payable to the donor or his assigns, (which stock and life insurance policy the deed of trust provides "shall constitute the principal of this trust and is hereinafter referred to as the Trust Estate"), and the trustee was given authority to receive and collect the proceeds of the life insurance policy and hold, manage and apply said proceeds in accordance with the trust deed.
2. Paragraph 1 of the deed of trust provides as follows:
"The Trustee shall hold, manage, invest and reinvest the same and every part thereof in the manner hereinafter specified, and shall collect and receive the income therefrom, and after deducting the commissions of the Trustee and the proper and necessary expenses in connection with the administration of the Trust Estate, including all taxes legally assessed on account thereof, shall, during the lifetime of Paul E. Heller, apply the net income, or so much thereof as shall be necessary, to the payment of the net premiums on a certain policy of insurance totalling $75,000.00, which policy was issued by the Prudential Insurance Company of America on March 9, 1934, bearing Policy No. 8368048, on the life of Paul E. Heller and made payable to the Donor, and now assigned as part of this Trust Fund, and any balance of said net income remaining in any one year after the net premiums for said year shall have been fully paid, as aforesaid, shall be held and distributed in accordance with the terms of this agreement, as hereinafter stated, unless such balance is required in any future year or years to pay said premiums, or any part thereof if the said securities shall yield an amount insufficient to pay such premiums; further provided, that if such securities fail to yield sufficient income during any one year to pay such premiums, the said Donor, or his personal representatives, shall have the privilege of making a contribution to the Trustee of whatever amount is required in order to place the Trustee in sufficient funds to pay such premium, and any such advancements made by the Donor shall be repaid to him upon his request by the Trustee, and which repayments are to be made out of income or principal of this Trust Estate. In the event the aforesaid income in any one year during the lifetime of said Paul E. Heller shall be insufficient to pay in full the net premiums for such year on the aforesaid policy of insurance, and said Donor, or his personal representatives, *602 does not contribute the required amount to make up the difference, then and in that event the Trustee shall have authority to make up the deficiency by a payment from the principal of the Trust Estate."
3. Paragraph 4 of the deed of trust provides as follows:
"Upon the death of said Paul E. Heller, the net income from the Trust Estate, until distribution of corpus, shall be divided among the following persons in the following proportion, to wit: to the Donor's nephew, Arthur E.C. Heller, forty per cent (40%); to the Donor's nieces, Frances Heller Blount, Ruth Heller Lowe, Wren Heller Lee, Gladys Heller Fenlin and C. Pauline Heller, each ten per cent, (10%) and to the Donor's daughter, Elaine Heller, ten per cent, (10%) thereof. Upon the death of any of the beneficiaries in this paragraph named, the share of income which the deceased would have taken if living shall go to his or her issue, per stirpes, and if there be no issue, then it shall be distributed among the survivors of the said beneficiaries ratably in the proportion in which the survivors share the income of this trust estate, prior to the death of such beneficiary."
4. Paragraph 5 of the deed of trust provides as follows:
"Upon the death of the last survivor of the beneficiaries of this trust fund and mentioned in Paragraph 4 hereof, the said Trustee shall distribute the corpus of the Trust property to the next of kin of Paul E. Heller, as they exist at the time of his death and according to the statute in such case made and provided for the distribution of personal property of persons dying intestate in the State of New Jersey."
5. During the lifetime of Paul E. Heller from April 5, 1935, to February 26, 1948, part of the income from the corpus was applied to the payment of premiums on said insurance policy on the life of Paul E. Heller, taxes, administrative expenses and commissions of the trustee.
6. At the date of the death of Paul E. Heller on February 26, 1948, there remained an accumulation of income and other receipts over disbursements in the sum of $69,283.54. This accumulation arose from the increment on sales of certain United States Treasury bonds, moneys contributed by the donor, Arnaud G. Heller, to cover certain expenses of the trust, dividends on the 1,000 shares of Heller Brothers Company common stock, including special dividends paid in 6% debenture bonds of said company and interest on securities held in the accumulation account.
7. All dividends declared and paid on the 1,000 shares of Heller Brothers Company common stock, including special dividends paid *603 in 6% Debenture Bonds of said company from April 5, 1935, to March 17, 1948, were paid out of earnings accumulated after April 5, 1935.
8. Arnaud G. Heller, the donor, pursuant to paragraph 1 of the deed of trust, during his lifetime made contributions to the trustee totaling $12,069.50.
9. The aforesaid $12,069.50 was contributed by Arnaud G. Heller, the donor, to the trustee during his lifetime by reason of the fact that the 1,000 shares of the Heller Brothers Company common stock had failed to yield sufficient income to enable the Trustee to pay the premiums on the insurance policy on the life of Paul E. Heller and other expenses when the same became due.
10. Arnaud G. Heller, a resident of Newcomerstown, Ohio, died November 16, 1937. By his last will and testament probated before the Probate Court of Tuscarawas County in the State of Ohio, he devised and bequeathed his entire estate to his wife, Trinda Heller, now Trinda Heller Anthony, and appointed her executrix, and she duly qualified as such. On June 23, 1939, said executrix filed in said Probate Court, a statement in lieu of and for an account, stating that she had received no assets and made no disbursements, and that there were no assets of the estate of which she had knowledge, except household goods. On the same day the probate judge accepted her statement and discharged said Trinda Heller as executrix. On June 27, 1949, William F. Aigler was appointed by said Probate Court as administrator de bonis non with the will annexed of said estate. From June 24, 1939, until June 27, 1949, there was no appointment of another personal representative of Arnaud G. Heller, deceased.
11. After the death of Paul E. Heller, plaintiff, Arthur E.C. Heller became co-trustee with the Fidelity Union Trust Company on March 18, 1948.
12. On March 1, 1936, there was no cash in the trust and on March 2, 1937, there was cash in the amount of $6,997.30 in the trust. The Fidelity Union Trust Company on March 1, 1936, and again on March 2, 1937, mailed statements of account of the cash transactions of the trust for the 12-month period ending March 1, 1936, and March 2, 1937, respectively, to Arnaud G. Heller, the donor. Thereafter no statements of account were ever furnished by the trustee to Arnaud G. Heller or to his personal representative or to Trinda Heller Anthony.
13. From April 5, 1935, to November 2, 1949, no demand was made upon the trustee for the repayment of the said sum of $12,069.50 or any part thereof, either by said Arnaud G. Heller in his lifetime, by Trinda Heller, individually or as such executrix, by William F. Aigler as such administrator, or by anyone else on behalf of Arnaud G. Heller or of his estate after his death. On November 2, 1949, such a demand was made by said administrator in his pleading served upon the plaintiffs in this cause.
*604 14. At the date of the death of Arnaud G. Heller, November 16, 1937, there was a balance in the accumulation account of the trustee in the sum of $47,522.99, consisting of $35,000 principal amount Heller Brothers Company 6% debenture bonds due July 31, 1957, and cash in the sum of $12,522.99. As of June 23, 1939, there was a balance in the accumulation account of the trustee in the sum of $62,309.87 representing $62,000 of principal amount of Heller Brothers Company 6% debenture bonds due July 31, 1957, and $309.87 in cash.
15. The corpus account on November 16, 1937, consisted of 1,000 shares of Heller Brothers Company $100 par value common stock at the book value of $100,000 and policy No. 8368048 issued by the Prudential Insurance Company of America for $75,000 on the life of Paul E. Heller, carried at no value. The corpus account of the trustee on June 23, 1939, comprised 1,000 shares of Heller Brothers Company $100 par value common stock at the book value of $100,000 and policy No. 8368048 issued by the Prudential Insurance Company of America for $75,000 on the life of Paul E. Heller, carried at no value.
16. The trustee's first intermediate accounting for the period April 5, 1935, to July 12, 1946, was by a decree of the Essex County Orphans' Court allowed on March 25, 1947. The accounting showed a corpus account of $100,000 and an accumulation account of $72,997.20. No citation on the first intermediate accounting was sent to Arnaud G. Heller or his personal representative or executor or administrator. Such a citation was mailed to his daughter, Elaine Heller, 242 Elwood Avenue, Newark, New Jersey, on February 19, 1947. Except for Trinda Heller Anthony, William F. Aigler, as administrator aforesaid, and Constance H. Henry, as administratrix of the estate of Frances Heller Blount, deceased, all the defendants herein who were then in esse received notice of and were parties to the trustee's first intermediate accounting.
17. Frances Heller Blount (also known as Frances Cecile Heller), one of the life beneficiaries, died on June 15, 1937, without issue, and Constance H. Henry (also known as Constance P. Heller, C. Pauline Heller and Constance P. Henry in this proceeding) was, on July 14, 1937, appointed administratrix of her estate.
18. On August 1, 1936, Arnaud G. Heller, as donor of said 1,000 shares of Heller Brothers Company common stock to said trustee, paid a federal gift tax of $5.46 pursuant to a federal gift tax return filed by him about 1935, based on the value of $45 per share for said stock transferred to said trustee by deed of trust dated April 5, 1935.
19. On April 27, 1938, the Commissioner of Internal Revenue addressed a letter to Mrs. Trinda Heller, referring to her as "fiduciary," and sent the letter in care of Warner Pomerene, attorney of Coshocton, Ohio, and subsequently the letter came into the possession of the accountant for Heller Brothers Company. In this letter it was stated that a deficiency of $10,830.10 had been tentatively determined *605 against the estate of Arnaud G. Heller by reason of an appraisal made by the Commissioner of Internal Revenue as to the value of 1,000 shares of common stock held in the Arnaud G. Heller trust. Trinda Heller (Trinda Heller Anthony), on or about August 12, 1938, was requested by Paul E. Heller to execute a power of attorney in favor of Joseph I. Schick, who was the accountant for Heller Brothers Company, and accordingly, under date of November 5, 1938, Trinda Heller, acting in her individual capacity, executed a written power of attorney to J.I. Schick to appear as her individual attorney at a hearing before the Internal Revenue agent in charge, in reference to a gift tax pertaining to the estate of Arnaud G. Heller of Newcomerstown, Ohio, which power of attorney was subsequently revoked on May 23, 1939. The notice and demand for gift tax was addressed to Mr. Arnaud G. Heller, donor, Fidelity Union Trust Co., trustee, 755 Broad St., Newark, N.J.
20. On December 13, 1938, a notice of levy and warrant of distraint was served on the trustee in the sum of $12,397.34 for deficiency tax against the trustee as transferee of said stock. The trustee, through its attorney, filed a petition as transferee for redetermination of this deficiency with the Treasury Department, and subsequently on or about March 28, 1939, a petition to the United States Board of Tax Appeals was filed for review of the deficiency assessment. The deficiency assessment was settled for $3,366.21 plus interest in the sum of $830.08, or a total of $4,196.29, by stipulation between counsel, and on February 28, 1940, and pursuant to said stipulation, the United States Board of Tax Appeals ordered and decided that there was an unpaid liability on the part of the trustee as transferee for federal gift tax of $3,366.21 plus interest on account of said transfer from Arnaud G. Heller to said trustee.
21. The trustee's expenditures in the federal gift tax proceedings were $5,006.29.
22. On October 14, 1941, the trustee received a notice that the Probate Court of Tuscarawas County, Ohio, in the matter of the estate of Arnaud G. Heller, deceased, had made an order determining the amount of the inheritance tax due to the State of Ohio to be $32,725 with interest from November 16, 1938, at 8%. Said tax was based upon the transfer by said Arnaud G. Heller of the 1,000 shares of Heller Brothers Company common stock to said trustee as a transfer in contemplation of death. The trustee, through its attorneys, filed exceptions to such determination, under which proceedings were had which eventually resulted in an order filed on February 16, 1942, in said court, determining the said transfer of said 1,000 shares to the trustee on April 5, 1935, to have been a transfer in contemplation of death, and determining the amount of said inheritance tax due to the State of Ohio by reason of such transfer to the trustee to be $1,931 plus interest of $312.17, or a total of $2,243.17, which amount was paid by the trustee on February 13, 1942.
*606 23. The trustee's expenditures in the matter of said Ohio inheritance tax proceedings were $5,427.32.
Because of the similarity of the deed of trust in the case here under consideration to that in the case of Fidelity Union Trust Company v. Arthur E.C. Heller, docket C-1066-48, both cases were tried together. The determination in Fidelity Union Trust Company v. Arthur E.C. Heller is dispositive of the questions raised under (a) and (d). It was there held that the fund described as net accumulations was income and such will be the determination in this case for the reasons there set forth. It was also there held that the death of Paul E. Heller was definitely fixed as the time for distribution of the income and that the gift to the beneficiaries was contingent upon their surviving Paul E. Heller. The reasons given for such decision are applicable to the deed of trust here. The death of Frances Heller Blount having occurred prior to the death of Paul E. Heller and she having left no issue surviving, the administratrix of her estate has no interest in the fund. Her share, had she survived, is to be paid to the persons and in the amounts set forth in paragraph 4 of the deed of trust.
The trustees contend with reference to question (b) that the estate of the donor is not entitled to reimbursement for advances made by him to the trustees for the payment of insurance premiums and for other purposes, because the donor did not request repayment in his lifetime, and further that such claim is barred by the statute of limitations.
The provisions of the trust indenture regarding advances made by the donor is as follows:
"* * * that if such securities fail to yield sufficient income during any one year to pay such premiums, the said Donor, or his personal representatives, shall have the privilege of making a contribution to the Trustee of whatever amount is required in order to place the Trustee in sufficient funds to pay such premium, and any such advancements made by the Donor shall be repaid to him upon his request by the Trustee, and which repayments are to be made out of income or principal of this Trust Estate."
*607 The important part of this language is, "any such advancements made by the Donor shall be repaid to him." This is a clear expression of the donor's intention that such advancements were to be repaid and not become part of the trust estate. The words "upon his request" merely refer to the time of repayment. These words cannot be held to mean that repayment was conditioned upon such request, for to do so, would necessarily require reading the word "only" into this phrase. The failure of the donor to request such repayment in his lifetime is of no significance. The provisions of the trust fix his right to such advances which right passed to his representatives upon his death.
It is contended by the trustees that the words "upon his request" are tantamount to "upon demand," with the result that period of the statute of limitations commenced with each advance, so that after the lapse of six years any claim either by the donor or his representatives for such advances is barred by the statute of limitations. This contention is unsound. It was the duty of the trustees during the lifetime of the donor to repay advances upon his request no matter how long after the advance such request was made. When the donor died, if the trustees entertained any doubt as to the disposition of such advances, it was their duty to seek instruction of the court with reference thereto. Further, the statute of limitations is inapplicable to express trusts. Williams v. McKay, 40 N.J. Eq. 189 (E. & A. 1885); Livingston v. Rein, 133 N.J. Eq. 585, 33 A.2d 840 (Ch. 1943).
In Williams v. McKay, supra, at page 196, Chief Justice Beasley said:
"* * * a trust, to be exempt from the operation of the statute of limitations, must be of a nature to stand the triple test, viz.: first, it must be a direct trust; second, it must be of a kind belonging exclusively to the jurisdiction of a court of equity; and, third, the question must arise between the trustee and the cestui que trust."
Defendants say that this trust does not meet the requirements of the third test for the reason that the claim for reimbursement is made by the donor's representative as *608 a creditor and not as a cestui que trust. This is not so. A donor of a trust may also be a cestui. Under this trust the donor was a cestui to the extent of the advances made by him. After his death his representative stands in his place, not as a creditor but as a cestui and it is the duty of the trustee to repay such advances.
The trust agreement provides that the repayment of the advances "are to be made out of income or principal of this Trust Estate." This indicates that the donor intended that if there was income available the advances be repaid from such income and the trustees are instructed to pay the advances out of income.
Question (c) which deals with the liability of the estate of Arnaud G. Heller, the donor, to the trustees for gift and inheritance taxes and expenses therewith must be answered in the negative.
The statute 26 U.S.C.A., sec. 1008 provides that a gift tax shall be paid by the donor on or before the fifteenth day of March following the close of the calendar year. Sec. 1009 provides that the tax shall be a lien upon all gifts for ten years from the time the gifts are made and if the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of the gift.
The trustees urge that the donor is primarily liable for the tax and the donee secondarily liable, hence the trustees should be reimbursed by the estate of the donor for the tax and expenses in connection therewith. This argument is answered in Mississippi Valley Tr. Co. v. Commissioner of Int. Rev., 147 F.2d 186, at page 187 (C.C.A. 8, 1945), where the court said:
"The argument is made here that the donor's liability for the tax is primary and that of the donee secondary, and that no liability therefore should exist against a donee for any part of a tax which a solvent donor has not admitted in his return, until there has been a deficiency determination against the donor, in the manner and within the time provided by the statute. But the statute itself imposes the tax, fixes its amount, and prescribes the date when payment thereof is legally due. If the full amount of the tax thus imposed *609 is not paid by `the 15th day of March following the close of the calendar year,' the tax has not been paid `when due,' and the unpaid portion bears interest from that date. And, `if the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gift.'
Only in the sense that the tax is owing in the first instance from the donor, and that the liability of the donee does not arise unless the donor fails to make payment of the tax by the 15th day of March following the close of the calendar year, and that such liability on the part of the donee is limited to the extent of the value of the gift, can the donee's liability be said to be secondary or qualified. If the donor fails to pay the automatically imposed tax when due, in accordance with the statute, no matter what the reason for his failure, there is an immediate and direct liability on the donee for the legally-owed tax, to the extent of the value of the gift.
Nowhere in its language does the statute make the liability of the donee contingent or dependent upon a formal determination of deficiency against the donor or upon any other steps to collect from him."
Another reason, not raised by counsel in their briefs, is that the mere making of a gift does not carry with it any implied promise by the donor to pay the tax. The liability of the donee to pay the tax arises solely by virtue of the statute when the donor fails to pay it.
The applicable Ohio law by virtue of which the inheritance tax due the State of Ohio was assessed, was pleaded by the representative of the estate of Arnaud G. Heller, and this court is bound to take judicial notice thereof. R.S. 2:98-28, N.J.S.A. The pertinent provisions of that law provide for the imposition of a tax upon the succession to any property passing in trust or otherwise to a person in contemplation of the death of the donor. Ohio General Code, sec. 5332, (3) (a). Sec. 5336 makes such tax a lien upon the property passing until paid. It also provides that the successor and the executor or administrator of the general estate of the decedent and the trustees of such property shall be personally liable for such taxes. It further provides that the executor, administrator or trustee having in charge such property for distribution shall deduct the taxes therefrom or collect the same from the person entitled thereto.
*610 Ohio decisions illustrating the interpretation given the pertinent provision of the statute by the courts of Ohio are the following:
Wellman v. Cleveland Trust Co., 107 Ohio St. 267; 140 N.E. 104 (Ohio Sup. Ct. 1938), where the Ohio Supreme Court had before it for consideration, among others, sec. 5336 of the Ohio General Code. Concerning these sections the court said:
"These various provisions would warrant the construction that both the primary and ultimate liability to pay the taxes was upon the respective beneficiaries, and that the liability imposed upon the administrator, executor, or trustee was imposed for the purpose of insuring his performance of his duty in the collection of the tax from the various beneficiaries."
In re Reilly's Estate, 138 Ohio St. 145; 33 N.E.2d 987, at page 989 (Ohio Sup. Ct. 1941), the Supreme Court of Ohio held:
"* * * This court has repeatedly held that the incidence of the Ohio inheritance tax is upon the succession, that is, upon the right to receive property from the estate of a decedent."
In Central Trust Co. of Cincinnati v. Lamb, 74 Ohio App. 299; 58 N.E.2d 785 (Ohio Ct. of Apps. 1944), the Court of Appeals of Ohio had before it the question of liability for Ohio inheritance tax, with respect to property passing under a trust agreement upon the death of the donor. After reviewing the provisions of the statute including sec. 5336 of the Ohio General Code, the court said:
"It is apparent from the above-quoted sections that that law casts the tax burden upon the beneficiary of the trust, * * * unless testatrix, as she had the right to do, by appropriate language in her will, shifted that burden elsewhere * * *."
The beneficiaries of the trust are responsible for the payment of both the federal gift tax and the Ohio inheritance tax and the expenses in connection therewith. The trustees are not entitled to reimbursement from the estate of Arnaud G. Heller.