**WILLIAMS, Estate of, In re.**

Probate Court, Putnam County.

No. 17261.   Decided June 19, 1956.

442

Meredith, Meredith & Tait, Quentin Derryberry, for executrix.

Hon. C. William O'Neill, Atty. Genl., Earl N. Merwin, Asst. Atty. Genl., for Tax Department of Ohio.

## OPINION

By WARREN, J:

John D. Williams died testate on Feb. 14, 1955, leaving surviving him his widow, Bess I. Williams, his sole and only devisee, legatee, and heir at law. Decedent's will was admitted to probate and letters testamentary were issued to Bess I. Williams by this court on March 1, 1955. Previous to filing an inventory, the widow as an individual prepared an application requesting the tax commission to consent to transfer certain joint and survivorship funds from the joint names of herself and husband to herself individually which was approved on March 1, 1955. One, the checking account in the amount of $369.64 remained in the name of Bess I. Williams and the second, a certificate of deposit for $9,865.12 was issued to Bess I. Williams and the funds therefrom were not deposited into any account as executrix.

On May 17, 1955, said executrix filed an inventory and appraisement in said estate. The inventory, in Schedule E, describes a certain parcel of real estate which was appraised at $13,500.00. This real estate is not part of the estate, having been transferred to his spouse by decedent during his lifetime. It was included in the inventory in order to secure an appraisement of the same. The widow concedes that the real estate was deeded in contemplation of death and is subject to payment of inheritance taxes. The only other assets listed are contained in Schedule C and total $11,294.41. Two of these items amounting to $10,234.76 are the joint and survivorship accounts, one for $369.64 and the

other for $9,865.12, and the following notation is contained in Schedule C as to these two accounts: "In joint names of Bess I. Williams and decedent but survivor waives right to joint account as this was property of decedent." The remaining items are cash items, the property of decedent, amounting to $1,059.65. The recapitulation in the inventory contains total assets of $11,294.41 and the sum of $2,258.88 is set off to the widow under Schedule F, and a $3,000.00 year's allowance is provided for the widow. The joint and survivorship accounts were used in computing the amount of exempted property. The executrix, attorneys and surviving spouse all waived notice and no further notice of the filing of the inventory was given. Said inventory was approved on the day it was filed.

In her application to determine inheritance tax the executrix included the two items of joint and survivorship property amounting to $10,234.76 among the assets of the estate making the total assets $11,294.41. The real estate valued at $13,500.00 was listed as deeded in contemplation of death. The debts listed amount to $6,874.40 including $2,258.88 for her exemption under §2115.13 R. C., and $3,000.00 for her year's allowance. The court determined the tax on the foregoing petition and the Department of Taxation filed exceptions. The case was heard on an agreed statement of facts.

Without the joint and survivorship property the estate is insolvent, the total personal property being $1,059.65, and the total debts, excluding widow's exemption and year's allowance, but including costs of administration and all other debts, being $1,615.52. Both of the joint and survivorship accounts were not required to pay the debts. The excess amount goes back to the widow as she is the sole legatee, devisee and heir at law. Can the amount of the debts and allowances exceeding the assets of the estate be deducted from the joint and survivorship accounts in determining inheritance tax?

Joint and survivorship deposits are recognized in Ohio on a contractual basis, and such deposits do not constitute any part of decedent's estate. Upon the death of decedent the surviving widow had exclusive title and ownership of the joint and survivorship deposits. See **Tax Commission v. Hutchison, 120 Oh St 361; Cleveland Trust Co. v. Scobie, 114 Oh St 241; Schwaigert v. Vitzhum, 26 Abs 442; Oleff, Adm. v. Hodapp, Gdn., 129 Oh St 433; Osterland, Adm., v. Schroeder, 22 Oh Ap 213.** In the instant case the widow exercised this right of ownership before the inventory was filed, by having the funds released by the tax commission to herself individually.

In **Serge v. Flueck, 132 Oh St 377,** syllabus one states:

"Where a joint bank account is, by the creator thereof, made 'payable to either or the survivor,' the right of survivorship vests in the joint depositors by virtue of contract."

And syllabus three reads:

"Upon the death of the creator of a joint and survivorship bank account the surviving joint depositors have a right to the balance remaining in the account to the exclusion of the personal representative of such decedent."

In the estate of Hatch, 154 Oh St 149, at page 152, the Court says:

"Obviously, the creation of a joint and survivorship bank account is a matter of intention to be ascertained from the conduct and actions of the persons concerned. Beginning with the case of **Cleveland Trust Co. v. Scobie, Admr., 114 Oh St 241,** 151 N. E. 373, 48 A. L. R. 182, this court has adopted the view that persons may contract for the joint ownership of a bank account with the right of survivorship, and, when such a contract has been entered into, the joint owner who survives succeeds to the title to the whole of the proceeds of the account by virtue of the contract." * * *

Sole title and ownership of the proceeds of the joint and survivorship accounts, therefore, went to the widow upon the death of decedent and formed no part of the assets of the estate. However, for the purpose of determining inheritance tax, other property than property which decedent owned at time of death is included.

Sec. 5731.02 R. C., provides in part, as follows:

"Sec. 5731.02 R. C. A tax is hereby levied upon the succession to any property passing, in trust or otherwise, for the use of a person, institution, or corporation, in the following cases:" * * *

"(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will;"

In the instant case, the widow, upon the death of decedent, had an immediate right of ownership, and possession and enjoyment of the entire proceeds of the joint and survivorship accounts and did exercise this right and become the sole owner of the same, but, because of her succession to said property, said survivorship accounts were subject to Ohio inheritance tax.

Sec. 5731.17 R. C., provides in part, as follows:

"Taxes levied by §§5731.01 to 5731.56 inclusive, R. C., shall be due and payable at the time of the succession, except as provided in such sections, but not prior to the death of decedent." * * *

In **Estate of Kirkham, 34 Abs 405,** syllabus two provides:

"The enhanced value of a joint and survivorship bank account is that portion of the account which by reason of the death of one of the joint survivors has accrued to the surviving owner or owners in excess of the contribution made by the survivor or the survivors to the account at the time of its creation."

The entire contribution having been made by decedent the whole amount of the joint and survivorship property is taxable upon the death of decedent.

As to deducting estate expenses from joint and survivorship deposits no reported cases could be found in Ohio but a case in point is reported in the State of New York in which it is stated in syllabus six:

"Where all of decedent's property, consisted of deposits in banks, stock certificates and mortgage participation certificates, all in the joint

names of decedent and his widow, with right of survivorship, funeral and administration expenses could not be deducted in determining value of net estate for purpose of fixing estate tax, since property included in gross estate was not liable for funeral and administration expenses."

See Kraemer's Estate, 46 N. Y. Supp. (2nd) 891.

The survivorship property, not comprising a part of the assets of the estate, the debts of the estate, the widow's right to twelve month allowance and exemption from administration, and expenses of administration cannot be deducted from the value of such survivorship property. Decedent, being the sole contributor to said joint and survivorship accounts, the entire proceeds of said accounts are taxable in the inheritance tax proceedings.

What effect does the inclusion of the joint and survivorship accounts in the inventory and the so-called waiver by the widow have in so far as the rights of the widow are concerned?

Sec. 2115.02 R. C., provides in part, as follows:

"Within one month after the date of his appointment," * * * "every executor or administrator shall make and return on oath into court a true inventory of the real estate of deceased located in Ohio and the chattels, moneys, rights, and credits of the deceased which are to be administered and which have come to his possession or knowledge. Such inventory is to be based on values as of the date of death of decedent." etc.

Sec. 2115.13 R. C., provides in part, as follows:

"When a person dies leaving a surviving spouse or minor children, certain properties, if selected as provided in this section, are not assets or administered as such, but must be included and stated in the inventory of the estate."

The statute then describes the kinds of property of THE DECEASED to be selected, and limits the amount to 20% of the appraised value of the property comprised in the inventory but not to exceed $2,500.00 nor less than $500.00 in the case of a surviving spouse.

The section continues:

"If the personal property selected is of less value than the total amount which may be selected as provided in this section, then such surviving spouse, guardian or next friend shall receive such sum of money as shall equal the difference between the value of the personal property selected and such amount, and such sum of money shall be a charge on all property, real and personal, BELONGING TO THE ESTATE, prior to the claims of all unsecured creditors of the deceased or of the estate." (Emphasis ours.)

This section provides that the property of the estate shall be the basis of determining the amount of property exempted to the widow. The widow is only entitled to an amount of exempt property computed on the appraised value of the property comprising the estate at date of death for her rights are only expectant interests and depend upon what assets remain the property of decedent at the time of his death.

The court is of the opinion that the only assets in the estate amount to $1,059.65 which is the amount to be used in computing the amount due

the widow as exempted property. The widow's right to exempted property being an expectant right only, is payable only from the assets composing decedent's estate on the date of his death.

Sec. 2117.20 R. C., provides in part as follows:

"The appraisers of a decedent's estate shall set off and allow to the widow" * * * "sufficient provisions or other property to support them for twelve months from the decedent's death." * * *

And §2117.21 R. C., provides in part as follows:

"When there is not sufficient personal property, or property of a suitable kind, to set off to the widow or children, as provided in §2117.20 R. C., the appraiser of a decedent's estate must certify what sum or further sum in money is necessary for the support of such widow or children." * * *

In the instant case the waiver of the joint and survivorship accounts by the widow after decedent's death has no bearing as to the allowances to which the widow is entitled. The survivor, the widow, the sole heir and devisee, is one and the same person, Bess I. Williams. For the purpose of determining inheritance taxes, the widow cannot do indirectly what she could not do directly, that is, waive her right of title and ownership and include the survivorship property as assets of the estate for the purpose of setting off the debts. She is bound by the actual status of the property on the date of death.

The widow's twelve month's allowance is a debt of the estate payable only from the assets of decedent's estate, for the survivorship property was not a part of decedent's estate at time of death.

The surviving depositor's inheritance tax liability is fixed at the time of the death of the decedent. No waiver, change of title, transfers, or agreements thereafter can affect the tax.

In re: Estate of McGreevey, 32 N. P. N. S. 212, in an action to determine inheritance taxes after an action in contest of a will in which contest the legatee surrendered part of his legacy in compromise of the litigation, syllabus three states:

"No change of title, transfers or agreement of those who succeed to the estate, among themselves or with strangers, can affect the tax, all questions concerning it being determined as of the date of the decedent's death."

In the case of Neville v. Sawicki, 146 Oh St 539, where the husband conveyed real estate to the daughter without wife joining in the instrument, upon death of husband, widow contended that she was entitled, not only to dower, but 20% of the value of the real estate and a year's allowance, and that same were liens against said real estate so conveyed, there being insufficient other property.

The court said at page 545:

"The right of a widow to receive support for twelve months after the husband's death is a right granted to a widow, not to a wife. In other words, that right does not come into existence until the death of the husband."

"The right to the exemption from administration as provided by §10509-54 et seq, GC, likewise comes into being only upon the death of a spouse." * * *

"In the instant case, the property described in the petition did not become a part of the estate of John A. Neville, hence the right to the twelve month's allowance and the right of exemption from administration did not attach to or become liens upon such property."

Although no claim is made by executrix, it might be well to state that the debts of decedent's estate, including the rights of the widow to year's allowance and exempted property exceeding the actual assets of the estate, are not deductible from the value of the real estate listed in the inheritance tax proceedings as transferred by decedent in contemplation of death. Title to said real estate having passed to the widow prior to death of decedent, debts of the estate are not deductible from the value of the real estate.

The court sustains the exceptions of the Department of Taxation and holds that only such amount of the debts, including right of widow to year's allowance and exempted property, may be deducted as does not exceed the assets in the estate on the date of death.

Exceptions allowed executrix.

An amended entry may be drawn in conformity with this decision.