BAUER, ESTATE OF, IN RE.

Probate Court, Fulton County.

No. 18794.  Decided August 28, 1962.

*Mr. Robert J. Kosydar,* assistant attorney general.
*Mr. Charles Hunt.*

HAM, P. J. It appears that decedent Mary Bauer has two sisters, Matilda and Catherine Lumbrezer and a niece Mayola Snyder. Here is a close-knit family, for many years living in the same neighborhood. The three sisters were well along in years, decedent being eighty years old at the time of her death and Matilda being seventy-eight years old now.

Decedent on May 7, 1960, executed a Will leaving the church $300.00 and equally dividing the remainder of her estate to her three sisters, Matilda, Anna and Catherine.

Decedent died February 3, 1962, and her will was admitted to probate in this Court.

The estate involves two bank accounts, one of $4755.39, and one of $5000.00, both are joint and survivorship with decedent's niece. One is dated April 4, 1960, and the other January 4, 1961.

On February 17, 1962, the niece, Mayola Snyder, filed a disclaimer with the executor of her aunt's estate, Attorney Hunt, who thereupon treated the two bank accounts as estate assets.

Thereupon the sisters and niece met with Attorney Hunt, determined the amount left for distribution, and each put in a claim against the estate in an aggregate amount, which would consume the estate without paying any inheritance tax. The claims being uncontested were allowed by the court.

The Tax Commissioner has filed exceptions to the determination of inheritance tax, raising two issues:

1. Have the two joint bank accounts become assets of the estate for inheritance tax purposes?

2. Are the said claims valid debts of the estate for inheritance tax purposes?

At the onset, there appears to be agreement of the parties that the niece had the right to renounce her interest in the

bank accounts, the sole issue being are these accounts *taxed* as probate or as non probate assets.

## CONCLUSIONS OF LAW.

Section 5731.02, Revised Code, provides:

"(E) Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will * * *"

We quote the syllabus of *In re Estate of Chadwick*, 167 Ohio St., 373, viz:

"1. The Ohio inheritance or succession tax is an excise.

"2. Such tax is on the *right* to receive property rather than on the amount or value of property owned by the decedent.

"3. Nonprobate or nonadministrable assets are legally not part of the estate of a decedent and hence are not legally liable for the indebtedness of the estate.

"4. The fact that a beneficiary voluntarily uses nonprobate assets to pay debts of an insolvent estate does not render the succession to such nonprobate assets immune from taxation.

"5. The imposition of a tax on the succession to such assets so used is not a denial of equal protection of the law as guaranteed by Section 1 of the Fourteenth Amendment to the federal Constitution."

See also *In re Estate of Williams*, 73 Ohio Law Abs., 441, we quote from headnotes as follows:

"Banks (Abs & O. Jur.) §121

"1. Joint and survivorship deposits are recognized in Ohio on a contractual basis and such deposits do not constitute any part of the decedent's estate.

"Banks (Abs & O. Jur.) §121

"2. Upon the death of one owner of a joint and survivorship deposit, the surviving owner has exclusive title and ownership of such deposit.

"Banks (Abs & O. Jur.) §121

"3. Sole title and ownership of the proceeds of a joint

and survivorship account go to the surviving owner upon the death of the co-owner and form no part of such co-owner's estate, but under §5731.02 R. C., such surviving owner shall pay a succession tax upon that portion of the account which has accrued to him in excess of his contribution to such account.

"Taxation (Abs & O. Jur.) §460

"4. Debts of the estate, the widow's allowance, property exempt and the expenses of administration cannot be deducted from survivorship property not comprising a part of the assets of the estate for the purpose of determining inheritance tax, even though the decedent was the sole contributor of such survivorship accounts and the entire proceeds thereof subject to inheritance tax. (Sec. 5731.02 R. C.)

"Executors & Administrators (Abs & O. Jur.) §104

"5. The amount of property which a widow may claim as exempt from administration may be computed only with regard to property which actually comprises assets of her husband's estate, and in the computation thereof she may not include joint and survivorship property which passed to her by contract. (Sec. 2115.13 R. C.)

"Executors & Administrators (Abs & O. Jur.) §352

"6. The widow's twelve month's allowance is a debt of the estate, payable only from the assets of decedent's estate.

"Taxation (Abs & O. Jur.) §437

"7. The surviving depositor's inheritance tax liability as to joint and survivorship deposits is fixed at the time of the death of the decedent, and no waiver, change of title, transfers or agreements thereafter can affect the tax.

"Taxation (Abs & O. Jur.) §460

"8. Debts of a decedent's estate, including the right of the widow to year's allowance and exempted property, exceeding the actual assets of the estate, are not deductible from the value of the real estate listed in the inheritance tax proceedings as transferred by decedent in contemplation of death. (Sec. 5731.02 et seq, R. C.)"

and from the opinion at p. 446

"In the instant case the waiver of the joint and survivorship accounts by the widow after decedent's death has no bearing as to the allowances to which the widow is entitled. The survivor, the widow, the sole heir and devisee, is one and the same

person, Bess I. Williams. For the purpose of determining inheritance taxes, the widow cannot do indirectly what she could not do directly, that is, waive her right of title and ownership and include the survivorship property as assets of the estate for the purpose of setting off the debts. She is bound by the actual status of the property on the date of death.''

It appears to this court that under these decisions Mayola Snyder, the niece of decedent, acquired the right to the succession of the bank accounts upon the death of decedent and that this right is taxable as a non probate asset, and this court so holds.

On the second phase of this matter pertaining to the allowance of claims, the Court feels that the evidence is clear that the sisters and niece, until their meeting to discuss taxes, etc., had no intention of presenting claims against the estate; that no contract existed between decedent and the sisters and niece for payment for any services, and that there were no accounts kept, no memo for services rendered, no specifics of any sort; that they determined how much would be left for distribution and cut it up between them by the device of claims against the estate.

Mayola Snyder testified (p 11 Record)

Q. And you expected to be paid?

A. No, not really.

And at page 21 of the Record.

Q. In other words, you were doing them because she was your aunt and you wanted to be kind to her and nurse her?

A. Yes.

And at page 20, Record.

Q. Did you ever, let's say, when you were doing these acts of generosity for your aunt were you doing them with the intention of being paid?

A. *No*, because I would have done them whether there was any money left or not as far as that.

Matilda testified (p 30, Record)

Q. Did your sister promise you any set amount of money?

A. No, no, she didn't; she never mentioned that.

And at page 31, Record

Q. In other words, there were just so many funds and you arrived at this $1841.00, as the amount that was left over?

A. Yes.

Catherine testified (page 34 Record)

Q. How did you arrive at the $100.00 figure for your services?

A. Well, they just gave it to me. See also page 35, Record.

See 42 Ohio Jurisprudence, 490 No. 7; 54 A. L. R., 549; 58 American Jurisprudence, 517 and 98 Ohio App., 410.

Exceptions of the Commissioner sustained. Executor ordered to pay tax on the right to succession of bank accounts as non probate assets from the proceeds of such bank accounts (Section 5731.17, Revised Code).

Claims of sisters and niece of decedent disallowed and former order allowing same vacated.

Mr. Kosydar to prepare journal entry and submit same to Mr. Hunt for approval.