CANTOR, DECEASED, ESTATE OF, IN RE.

Probate Court, Montgomery County.

No. 137749.   Decided April 25, 1963.

*Mr. Mark McElroy*, attorney general, and *Mr. Robert J. Kosydar*, assistant attorney general, for Tax Commissioner.

*Messrs. Froug & Froug*, for Mitchell Lipschultz, Co-Administrator of the Estate of Harvey Cantor, Deceased.

*Messrs. Goodman & Goodman*, for Samuel Cantor.

*Messrs. Estabrook, Finn & McKee*, for Faye Cantor, Co-Administratrix of the Estate of Harvey Cantor, Deceased.

ZIMMERS, J.   This cause is before the Court upon the exceptions to a determination of inheritance tax rendered by this Court in the estate of Harvey Cantor, deceased.   On March 16, 1962, Faye Cantor and Mitchell Lipschultz, as co-administrators d. b. n. for said estate, filed an application for determination of inheritance tax therein and on said date this Court found the amount of the succession taxable to Faye Cantor, as surviving spouse, to be $97,357.30 and the value of the succession taxable to Sam Cantor and Kathryn Ray Fast, brother and sister of said decedent, to be $54,789.41 each.

On May 11, 1962, the Department of Taxation filed exceptions to such determination upon the grounds that this Court had decided in a declaratory judgment action that the surviving spouse was entitled to only $15,000.00 from her deceased husband's estate by virtue of a valid antenuptial agreement between the parties.   The decedent's brother and sister were found to be entitled to the balance of the decedent's net distributable estate.   See Judge Love's opinion in 86 Ohio Law Abs., 452 (1959).   The Tax Commissioner contends that the valuation of the taxable successions in the decedent's estate must conform to that decision of this Court.

Faye Cantor as co-administratrix also filed exceptions to said determination of her tax.   Her exceptions, however, were withdrawn at bar in a hearing on this matter.

Faye Cantor, as surviving spouse and as administratrix d. b. n., appealed the declaratory judgment rendered by Judge Love and the following entry was filed in the Court of Appeals for Montgomery County, Ohio, on July 15, 1960:

"This day this cause came on to be heard upon the report by Plaintiffs-Appellees, Samuel Cantor and Kathryn Ray Fast, and Defendant-Appellant, Faye Cantor, of an agreement to compromise, settle and adjust the respective claims of the plaintiffs-Appellees claiming under the Antenuptial Agreement, and Defendant-Appellant claiming as widow of decedent, Harvey Cantor, and it appearing to the Court that the declaration by the Probate Court was suspended by reason of the timely appeal of Defendant-Appellant, Faye Cantor, and that by virtue of the agreement to compromise, settle and adjust the respective claims of the parties without a final judicial declaration of their rights in this Court, and the Supreme Court.

"IT IS THEREFORE ORDERED by and with the consent of all parties that said compromise and settlement agreement be noted and the appeal be dismissed.

"Appeal dismissed; costs assessed against the administrators.

Approved:
*Wm. C. Wiseman*, P. J. /s/
*Calvin Crawford*, /s/ J.
Judges

"*Froug and Froug*
"*Goodman & Goodman*
Attorneys for Plaintiffs-Appellees

"*Estabrook, Finn & McKee*
Attorneys for Defendant-Appellant, Fay Cantor

"The appeal of Fay Cantor as Administratrix having been disposed of by Entry of October 2nd, 1959, in this same case which reads as follows:

"This cause coming on to be heard upon the Motion of Plaintiffs-Appellees to dismiss the appeal of Faye Cantor, Administratrix, in two branches, and the Court upon consideration, finds that the action is a declaratory judgment action, determining the validity of an ante-nuptial agreement between the decedent, Harvey Cantor, and the individual Defendant-Appellant, Faye Cantor, his surviving spouse, and finds that Faye Cantor, as Administratrix has no appealable interests and is

only a stakeholder, and that said Faye Cantor, as Administratrix, is not a party aggrieved by the final order appealed from, and the first branch of the Motion is well taken and is sustained.

"The Court further finds that by reason of the aforesaid finding, the Court does not determine the second branch of the Motion.

"WHEREFORE, it is ORDERED, DECREED and ADJUDGED that the appeal of Faye Cantor, Administratrix de bonis non of the estate of Harvey Cantor, deceased, be and the same is hereby dismissed.

"Exceptions of counsel noted.

*Wm. C. Wiseman*, P. J. /s/
*Calvin Crawford*, J. /s/
Judges

*Froug & Froug* /s/
Goodman & Goodman /s/
Attorneys for Plaintiffs-Appellees

"Estabrook, Finn & McKee /s/
Attorneys for Defendants-Appellants."

The co-administrators were not parties to the compromise agreement which provided that the surviving spouse was to receive one-half, and the sister one-fourth and the brother the remaining one-fourth.

Section 5731.01, Revised Code, provides in part as follows:

"As used in Sections 5731.01 to 5731.56, inclusive, Revised Code: . . . .

"(B) Succession means the passing of property in possession or enjoyment, present or future."

Section 5731.02, Revised Code, provides in part as follows:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases:

"(A) When the succession is by will or by the intestate laws of this state from a person who was a resident of this state at the time of his death: . . . .

"(C) When the succession is to property from a resident, or to property within this state from a nonresident, by deed,

grant, sale, assignment, or gift, made without a valuable consideration substantially equivalent in money or money's worth to the full value of such property: . . . .

"(2) Intended to take effect in possession or enjoyment at or after such death."

The surviving spouse and the brother and sister of the decedent contend that their respective successions must be valued according to the compromise agreement (1) because the tax should "logically and realistically" fall upon those receiving the property and (2) because a consent judgment operates as a res adjudicata to the same extent as a judgment on the merits. In the latter contention they reason that the consent agreement becomes the final judgment in the declaratory judgment action and, therefore, binds all the parties thereto, including the administratrix d. b. n. and her present co-administrator d. b. n.

The Court wishes to point out that it has long been the practice of this Court to ignore settlements between successors of a decedent's estate when determining inheritance tax. The will or the statute of descent and distribution, as the case may be, has been followed in the determination of the taxable succession. The Court's position has not heretofore been challenged in formal litigation, and this Court has been able to find only a few reported cases by Ohio Courts on this point. *In re Estate of McGreevey*, 32 N. P. (N. S.), 212, held that, notwithstanding the settlement of a will contest action out of Court, the will stands as probated and the inheritance tax is levied under Section 5332, General Code (now Section 5731.02, Revised Code), upon the succession under the will. The Court states:

"No change of title, transfers or agreement of those who succeed to the estate, among themselves or with strangers, can effect the tax, all questions concerning it being determined as of the date of the decedent's death."

Also see *In re Williams Estate*, 73 Ohio Law Abs., 441, 138 N. E. (2d), 189, at page 193 of 138 N. E. (2d), and the cases annotated in 36 A. L. R. (2d), 918, which establishes this to be the majority rule in the states of the United States. This rule is in accord with the general rule pronounced by the Supreme Court of Ohio that the Ohio inheritance tax is levied upon the

*right* to succeed to property. See *In re Estate of Daniel*, 159 Ohio St., 109 (1953) and *In re Estate of Chadwick*, 167 Ohio St., 373 (1958). In other words, the Ohio inheritance tax is levied on succession rights which accrue on the date of death and not upon the person who by agreement subsequent to death actually comes into enjoyment of the property passing from the decedent. The first contention of counsel for the surviving spouse and brother and sister of the decedent is therefore not sustained by the authorities and must be rejected.

The case at bar, however, is unique in one respect. The successions of the brother and sister of the decedent are not by will or by the laws of descent and distribution as is ordinarily the case; they are donee beneficiaries of a third party beneficiary contract by virtue of the antenuptial contract according to the decision of Judge Love in the declaratory judgment action. This Court is of the opinion that by virtue of the definition of "succession" in Section 5731.01, Revised Code, and by virtue of Section 5731.02 (C) (2), Revised Code, the rights created by the antenuptial contract are taxable successions. See *In re Estate of Haugh*, 27 Ohio Opinion, 20 (1943).

Since this Court has held that the inheritance tax is a tax upon the right to receive property and that the rights of the brother and sister as determined in the declaratory judgment action are taxable successions within the inheritance tax law, it seems clear to this Court that if upon distribution of the estate the co-administrators are still bound to follow the decision of this Court in the declaratory judgment action, the Tax Commissioner's exceptions must be sustained.

The principal question to be decided, then, is whether the agreement between the surviving spouse and the brother and sister of the decedent which resulted in the consent dismissal of the appeal in the declaratory judgment action by the Court of Appeals binds the co-administrators to distribute the estate according to the agreement. If the co-administrators are so bound, it is either because (1) they have entered into a contract of settlement which binds the estate under contract law, or (2) because the terms of the settlement have become the judgment of the Court of Appeals which binds the co-administrators.

Since the co-administrators did not sign the agreement in

their fiduciary capacity, it is clear that they are not bound by the contract of settlement. Indeed, even if they would have executed the agreement, it is highly questionable whether their act would have bound the estate since the Court of Appeals found in its dismissal entry that as such administratrix, she had no appealable interest and was only a stakeholder. It follows, therefore, that the fiduciaries of Harvey Cantor's estate had nothing to compromise or settle.

Furthermore, it is highly questionable whether a fiduciary of a decedent's estate may be a party to any compromise involving successors' rights in the estate. No authorities were cited by counsel on this point but a recent case which sheds light on this problem was decided by the Second District Court of Appeals. *In re Estate of Martin*, 115 Ohio App., 515 (1962) held that the fiduciary of a decedent's estate has no duty to recognize a contract between the heirs at law and the beneficiary under a decedent's will setting forth an agreed division of the assets of the estate.

On page 522 of the reported Opinion the Court states:

"It is our opinion that the Probate Court properly examined the contract to determine its nature and applicability to the administration of the estate, *and that it correctly instructed the executor to proceed as if the contract did not exist.*" (Emphasis added.)

Section 2113.51, Revised Code, requires an executor or administrator of a decedent's estate to distribute as required by law, Section 2117.05, Revised Code, applies only to the compromise of creditors' claims against the estate. From the foregoing, this Court concludes that a fiduciary of a decedent's estate has no right and, in fact, can not be authorized by the Probate Court which appoints him to be a party to a compromise of the succession rights in a decedent's estate.

Since the contract of settlement does not and could not bind the co-administrators, the only remaining question is whether a dismissal entry noting a compromise settlement and filed in the Court of Appeals repudiates the holding of this Court in the declaratory judgment action. Or, is counsel for the surviving spouse correct when he contends that the notation of the agreement in the dismissal entry constitutes the

terms of the agreement as the judgment of the Court of Appeals? This is indeed a novel contention; and if it is correct, the labeling of the entry as a "dismissal entry" would certainly be misleading. If a judgment other than the one rendered by the lower court is to be effective, it must be by a judgment of the higher court. Yet, it would appear from legal logic that if the higher court has dismissed the appeal, the only judgment remaining to be enforced is that of the lower court.

As was found by the Court of Appeals in its dismissal entry, the Probate Court's judgment was suspended during the appeal. The Entry filed in the Court of Appeals merely *notes* the agreement, without a final judicial declaration of their rights in that court and the Supreme Court, but it *orders* the appeal dismissed with costs. It follows, therefore, that the dismissal of the appeal leaves the judgment of this Court in full force and effect with respect to the duty imposed upon the co-administrators d. b. n. in the distribution of the decedent's estate. See *Jones* v. *Whaley,* 10 Ohio Opinion, 87 (1937).

Counsel for the surviving spouse and the brother and sister cite *Horne* v. *Woolever,* 170 Ohio St., 178, 163 N. E. (2d), 378 (1959), which holds that a consent judgment operates as res adjudicata to the same extent as a judgment on the merits. As the Attorney General points out in his brief on behalf of the Tax Commissioner, the opinion of the Court in that case establishes that the effect of a dismissal with prejudice is to conclude the rights of the consenting party to the same extent as if the final judgment was entered against those rights. While the *Horne case, supra,* did not involve the dismissal of an appeal and is, therefore, not applicable, the effect of its holding in a dismissal of an appeal would seem to be that the appellant's rights would be concluded as if he lost the appeal. The *Horne case* would be detrimental to the contention of the surviving spouse and the brother and sister of the decedent in the case at bar.

Having determined that the Ohio inheritance tax is levied against the person entitled by right to succeed to the assets of a decedent's estate at death rather than the person who actually receives such assets; that the rights to property accruing by virtue of an antenuptial agreement are taxable successions within the purview of Sections 5731.01 and 5731.02 (C) (2), Revised

Code, and that the dismissal entry filed in the Court of Appeals requires the declaratory judgment of this Court to be followed by the co-administrators of the decedent's estate because it is still in effect, this Court is of the opinion that the Tax Commissioner's exceptions must be sustained.

An entry may be prepared accordingly, with costs to the estate.