IN RE ESTATE OF HERSHEY: HERSHEY, EXRX., APPELLEE, *v.* BOWERS, TAX COMMR., APPELLANT.

[Cite as Hershey, Exrx., v. Bowers, Tax Commr., 7 Ohio St. 2d 4.]

(No. 39689—Decided June 22, 1966.)

*Messrs. Boehm & Rance, Mr. R. Theodore Boehm* and *Mr. Naren Biswas,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Jon A. Ziegler* for appellant.

MATTHIAS, J. A single question is raised by this appeal.

Where one during his lifetime, solely from his own funds and without the knowledge and consent of his children, creates joint and survivorship deposits in his name and the names of his various children, such children not even being aware of the

existence of such accounts until after his death, does the renunciation of any interest in such accounts by the noncontributing children causing the proceeds thereof to fall into the probate estate make such succession taxable in the probate estate rather than to the children?

A joint and survivorship account is a matter of contract between the depositor and the depositary. Where all the funds in such deposit are contributed by one of the parties, it is in the nature of a third party beneficiary contract requiring the acceptance of the noncontributor before he may be charged with the responsibilities of ownership. *Rhorbacker, Exr.,* v. *Citizens Building Assn. Co.,* 138 Ohio St. 273. There are a variety of reasons for the creation of such accounts, and although such creation may invest a technical legal title in the co-owner there may be no intent to invest such co-owner with any present or even any future beneficial interest. For example, one who is infirm may quite frequently for the purpose of convenience create such an account so that the co-owner may pay the creator's bills, with no intent to invest such co-owner with any beneficial interest. *Fecteau* v. *Cleveland Trust Co.,* 171 Ohio St. 121. Such accounts are frequently held by husband and wife but arise only from funds contributed by one of the parties. In such event, we have held that the account is not subject to claims against the noncontributing party even though created with his consent. *Union Properties, Inc.,* v. *Cleveland Trust Co.,* 152 Ohio St. 430. That this type of deposit was used to create a nontestamentary gift at death with no intent to vest any present interest in the co-owner was the apparent intent in the instant case.

The question is, may the co-owner of such an account after the death of the creator renounce any interest in the account and thus relieve himself from any liability for succession taxes arising as a result of such joint account?

It is unnecessary to consider any further the various fact situations which give rise to, or legal ramifications which may attach to, joint and survivorship property. The question in the present case is confined solely to the status of such an account in relation to succession taxes where there is a noncontributing co-owner who was unaware of the existence of such account and who wishes to renounce his interest therein. Succession

taxes are purely a matter of statute, and the status of joint and survivorship property in relation to succession taxation must be determined from the statutes.

Section 5731.02, Revised Code, provides in part:

"A tax is hereby levied upon the succession to any property passing, in trust or otherwise, to or for the use of a person, institution, or corporation, in the following cases: * * *."

Section 5731.01 (B), Revised Code, defines succession:

" 'Succession' means the passing of property in possession or enjoyment, present or future."

The General Assembly, in Section 5731.02, Revised Code, has chosen to treat survivorship property not only as a succession but as a succession of the same status as though the property had been bequeathed by will.

Section 5731.02 (E), Revised Code, reads in part as follows:

"Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be *deemed a succession* taxable under this section, *in the same manner as if* the enhanced value of the *whole property belonged absolutely to the deceased person, and he had bequeathed the same to the survivor by will* * * *." (Emphasis added.)

*Under this section, joint and survivorship property is treated as any other bequest for tax purposes.*

The statute itself requires that for passing of property to constitute a succession subject to taxation there must be a passing of such property in possession or enjoyment. In other words, a beneficial interest must pass to the successor. If the successor renounces such property no beneficial interest passes to him, and the statutes do not authorize the imposition of a succession tax as to it as his property. See *Tax Commission* v. *Glass et al., Exrs.,* 119 Ohio St. 389.

Where all the funds in a joint and survivorship deposit are contributed by one party thereto, if there is any intent to invest the other co-owner with any beneficial interest therein the interest received by the noncontributing co-owner is in the nature

of a gift or a legacy requiring an assent thereto either by presumption or actual consent.

It has been held that a legacy may be rejected and if rejected the succession tax may not be levied on the legatee.

The syllabus of *Tax Commission* v. *Glass supra,* reads as follows:

"Where property is devised upon conditions which the devisee rejects by renouncing the devise, there is no 'passing of the property in possession or enjoyment, present or future,' and Section 5332, General Code [Section 5731.02, Revised Code], does not authorize the levying of a succession tax thereon."

Thus, where one during his lifetime creates out of his own funds a joint and survivorship deposit with another and without such co-owner's knowledge or consent, such co-owner may upon the discovery of such fact after the death of the creator of the account renounce any interest therein and if such renunciation is made the deposit is not the subject of a succession tax as the property of the renouncing co-owner.

In the instant case, inasmuch as these accounts were created without the knowledge or consent of the children there was no present transfer of any beneficial interest therein to the children. Such children had the right, therefore, when informed of the existence of such accounts after the death of the creator to renounce any ownership therein. By doing so no beneficial interest passed to the children, and there was, therefore, no taxable succession to such children.

The judgment is affirmed.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

ZIMMERMAN, J., dissenting. In my opinion, decedent's daughters had the *right* to succeed to the joint and survivorship bank accounts, established by contract, immediately upon the death of the decedent, under Section 5731.02 (E), Revised Code. By virtue of that section, the tax is levied upon the right of succession. Such accounts when created in the 1950's were of advantage to decedent's daughters, and their assent to the

arrangement may be inferred in the absence of any showing to the contrary. Such right of succession is subject to succession taxation as a *nonprobate* asset, and such tax is collectible on that basis from the proceeds of the accounts. Moreover, the disclaimer as to the accounts made several months after decedent's death does not operate to change the situation taxwise.

Therefore, I would reverse the judgment of the Court of Appeals and affirm that of the Probate Court. For its reasoning, see *In re Estate of Bauer,* 91 Ohio Law Abs. 162, 191 N. E. 2d 859 (affirmed by the Court of Appeals for Fulton County).