IN RE ESTATE OF SHADE.

[Cite as In re Estate of Shade, 9 Ohio Misc. 199.]

(No. 4548—Decided November 16, 1966.)

Probate Court of Hancock County.

*Mr. William B. Saxbe*, attorney general, *Mr. John F. Casey*, for exceptor, Tax Commissioner.
*Mr. Robert D. Schuck*, for the estate.

HISTORY

Exceptions to determination of inheritance tax by Tax Commissioner of the State of Ohio.

FACTS

Willis P. Shade, an active employee of Marathon Oil Company from May 24, 1932, until his death testate on November 6, 1964, was survived by a widow to whom he had been married longer than twelve (12) months preceding his death. The decedent had passed his fifty-fifth (55th) birthday but had not reached "normal retirement date" as defined by a retirement plan of his employer, adopted as amended, effective January 1, 1960. No joint and survivor option had become effective.

The employer's plan as revised included a widow's benefit. The decedent had designated his widow as beneficiary of the death benefit under the original plan and upon the amendment of same, he had assented to the plan as revised. The widow is receiving benefits under the plan of an amount equivalent to fifty percent (50) of the amount the decedent

would have received had he taken optional retirement on November 1, 1964, the first of the month in which he died.

The testimony on hearing revealed that decedent had contributed five thousand two hundred twenty-six and 28/100 ($5,226.28) dollars, plus interest to the date of death, or a total of six thousand five hundred twenty and 90/100 ($6,520.90) dollars, to the fund of fourteen thousand five hundred twenty-two and 49/100 ($14,522.49) dollars, actuarially determined as the basis for the monthly benefits to be paid. The balance of said fund, in the amount of eight thousand one and 59/100 ($8,001.59) dollars represented contributions by the employer. The application to determine inheritance tax filed by the estate did not include the amount of the contribution by the employer. The Tax Commissioner filed exceptions to the finding of the Probate Court approving the exclusion of the widow's benefit from taxation.

## TAXING STATUTE

Section 5731.01 (B); Section 5731.02 (C) (2), Revised Code.

## FINDINGS

SCHUCK, J. The employer's plan as revised included three types of survivor's benefits—a joint and survivor option, a widow's benefit and a death benefit. A joint and survivor option may be elected by the employee, but such election does not become effective prior to the employee's actual retirement. A widow's benefit is payable only to an employee's surviving spouse in case the employee's death occurs subsequent to age 55, but prior to his normal retirement date, if the widow has been married to the employee throughout the 12-month period immediately preceding the employee's death and if a joint and survivor option has not become effective. A death benefit is payable if an employee's contributions, plus accrued interest to his date of death or retirement, exceed the amount of all other benefits required to be paid. Thus, a death benefit may be payable after the last survivor of a joint annuitant, if any; or the deceased spouse if such spouse were entitled to a widow's benefit.

Since Mr. Shade had not retired it was not possible for a joint and survivor option to become effective. The decedent had completed the designation of beneficiary form designating

his widow as beneficiary of the death benefit payable under the retirement plan, which controlled only the disposition of the death benefit. If the plan did not include a widow's benefit, the beneficiary would have received a death benefit equal to the employee's contribution, plus interest. Since the widow's benefit has preference, the widow is receiving a widow's benefit under the plan in an amount equivalent to fifty percent (50%) of the amount the decedent would have received had he taken optional retirement on November 1, 1964, the first of the month in which he died.

Contrary to the position taken by the Tax Commissioner that the "ownership" versus "succession" argument is not particularly pressing in this case, this is the real key to the issue herein. The commissioner argues that the decedent's continuation of employment, contributions to the funds, and "doing nothing to destroy, alter or modify his beneficiary" causes the widow's benefit to be a valuable property right passing to the widow so as to make same subject to the tax. There *was no action* the decedent *could* take to defeat the widow's benefit. *Inaction* could not accomplish a transfer of property rights and his subscription to the retirement plan was not a transfer of a portion to his wife of his rights to receive retirement benefits from the fund. The right to designate a beneficiary of the plan has no effect upon the widow's benefit for same can be paid *to nobody except* a spouse under the conditions of the plan. If subsection a, b, and c under B(VII) of the survivors benefits provision of the plans are met, the employee may not defeat the widow's benefit and same is payable to the widow irrespective of any beneficiary designation. For example, if the employee designated other than his widow as beneficiary, such beneficiary would receive only the employee's contribution plus interest, *less* the widow's benefit paid. The only manner in which the employee could defeat the widow's benefit is to resign and at such point he could withdraw only the contribution made by him personally.

This court finds that there was no property or property right passing "*from*" the decedent to the widow as defined in Section 5731.02, Revised Code, with respect to that amount of the fund which exceeded the decedent's contribution. As stated in *In re: Estate of Smith*, 91 Ohio Law Abs. 449, since the

statute is free from ambiguity, the court should avoid giving it any other construction than that which its words demand. Tax statutes should be strictly construed. "Succession taxes are purely a matter of statute. * * * The statute itself requires that for passing of property to constitute a succession, subject to taxation, there must be a passing of such *property* in possession or enjoyment." *Hershey* v. *Bowers*, 7 Ohio St. 2d 4 at page 7. The ownership and succession theories are well analyzed in *In re: Estate of Patterson*, 89 Ohio Law Abs. 271.

The third party beneficiary theory is also inapplicable to the present case by virtue of the fact that under the Marathon Plan, the right to designate and/or the actual designation of the widow does not affect the benefit payable to her if other conditions are met. The lack of control by any act of an employee to defeat the widow's benefit distinguishes the Marathon Plan from the holding in the *Patterson case*. The Marathon Oil Company's Plan indicates an adoption of an arbitrary means of calculating the amount to be paid as a widow's benefit which is clearly unrelated to any succession. The actuary determination proscribed in the plan is relating to retirement benefits only.

The amendment under Section 5731.06, Revised Code, effective October 16, 1961, is not applicable to this case so as to exclude two thousand dollars ($2,000.00) from that amount of the widow's benefit contributed by the employer. It is doubtful if this benefit would be includable under I R C Section 2039 A, since an employer's agreement to pay a death benefit does not constitute "life insurance" under Section 2042. The analysis used in the exclusion of the widow's benefit in *Estate of Firmin D. Fusz*, 46 TC No. 18, 5-11-66, would appear to be applicable to the instant case.

Since Ohio is one of the "ownership theory" states, the widow's benefit payable under the Marathon Oil Plan, does not carry sufficient evidence of ownership in the employee to make same subject to the Ohio inheritance tax. The Tax Commissioner's argument as to the decedent's power under the "widow's benefit" portion of the retirement plan is not correct by reason of a false assumption of the employee's ability to negate the widow's benefit.

## Conclusion

The widow's benefit payable under Marathon Oil Com-

pany's retirement plan is not a taxable succession under Section 5731.02, Revised Code. Exceptions of Tax Commissioner overruled.

Counsel will prepare an entry in accordance with the foregoing findings. Such entry shall provide for waiver of payment of interest and penalty by reason of litigation. Exceptions noted.