**Louis J. KRAKOFF, Executor, etc., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. 7393.**

United States District Court, S. D. Ohio, E. D.

May 14, 1970.

R. T. Boehm and William Wasserstrom, Columbus, Ohio, for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Donald R. Anderson and Robert J. Hipple, Dept. of Justice, Washington, D. C. and William W. Milligan, U. S. Atty., and Alvin J. McKenna, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

KINNEARY, District Judge.

This matter is before the Court on the motions of both plaintiff and defendant for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. In essence, this rule provides that where the pleadings and affidavits on file show that there is no genuine issue as to any material fact relating to the issues presented by the motions, summary judgment may be granted by the Court forthwith.

The parties to this action have entered into a stipulation which has resolved all factual dispute in this case; thus the use of the vehicle of summary judgment for determining the merits of the case seems most appropriate under the circumstances.

The facts of this case reveal that a federal gift tax was assessed against Anna Krakoff, now deceased, in the amount of $5,323.69, together with statutory interest, by the District Director of Internal Revenue at Cincinnati, Ohio on May 24, 1964. This amount represented gift taxes with respect to the value of two-thirds of certain property previously owned jointly with rights of survivorship by Anna Krakoff and Abraham Krakoff, her deceased husband. On recomputation, $1,863.96 was refunded on August 4, 1964, leaving a net amount of $4,173.68, together with statutory interest. This latter amount is the subject of this tax refund suit initiated by Louis J. Krakoff, for the recovery of allegedly erroneously paid gift taxes.

Abraham Krakoff died testate on December 24, 1960, survived by his wife, Anna Krakoff, the taxpayer in the instant suit, and four adult children. Abraham Krakoff's will designated his wife, Anna, as executrix and sole beneficiary of his estate.

Beginning in 1950, and extending until the death of Abraham Krakoff, several savings accounts in various Ohio banks and savings and loan institutions were opened in the names of Abraham Krakoff and Anna Krakoff, or the survivor.[1] Both the husband and the wife signed signatures cards on each of these accounts and there were occasional deposits and withdrawals thereafter in these various accounts made by one or both of the principals.

Also, common stock in various domestic and out of state corporations was purchased and held by Abraham and Anna Krakoff as joint owners with rights of survivorship, and both endorsed dividend checks from at least some of these companies from time to time during this period.[2]

Following the death of her husband, and after she had qualified as executrix under his will, Anna Krakoff, in her individual capacity and on advice of counsel, appeared before the Probate Court of Franklin County, Ohio, on March 22, 1961, and renounced her rights as sole beneficiary under the will of Abraham Krakoff and elected to take her statutory share as surviving spouse under rights conferred by the Ohio laws of descent and distribution. Thereafter, on May 12, 1961, in her capacity as executrix of the estate and on the advice of counsel, Anna Krakoff filed a petition in the Probate Court of Franklin County, Ohio, renouncing all her right, title and interest as surviving joint tenant in part of the property previously held jointly with rights of survivorship with her husband, and petitioning for a declaratory judgment and instructions regarding the disposition of these items of property. The Probate Court, by an opinion issued on July 26, 1961, declared that the disclaimer and renunciation of the property was effective and found that the property disclaimed, which was previously nonprobate property because it was held jointly with rights of survivorship, passed through the probate estate of Abraham Krakoff as if there had been no survivorship provisions. See, In Re Krakoff, 18 Ohio Ops.2d 116, 179 N.E.2d 566 (Franklin County, 1961).

This disclaimer resulted in the passing of two-thirds of the value of the disclaimed property through the estate of Abraham Krakoff and to the four surviving children, equally, who would not have received any part of the disclaimed property by operation of the will or the intestacy laws of Ohio but for the disclaimer. The net effect of this whole transaction, as per the position of the Internal Revenue Service, is a taxable gift made by Anna Krakoff to her four adult children in the amount of two-thirds of the disclaimed property, the taxable transaction being accomplished by means of the renunciation of the will and the disclaimer of rights in certain of the survivorship property.

The Internal Revenue Code of 1954 makes certain provisions relative to the taxation to the donor of certain gifts. Specifically with respect to the instant case, the federal law provides that:

> Subject to the limitations contained in this chapter, the tax imposed by section 2501 [the tax on the transfer of property by gift] shall apply whether the transfer is in trust or otherwise, whether the gift is direct or indirect, and whether the property is real or personal, tangible or intangible; * *. 26 U.S.C.A. § 2511(a). [Brackets added.]

The Treasury Regulations promulgated under this statute bring into focus the initial point of judicial inquiry on the matter of the imposition of the gift tax.

---

1. See Stipulation, ¶ 3 for a list of such accounts.

2. See Stipulation, ¶ 3 and 4 for a list of such stock.

The gift tax also applies to gifts indirectly made. Thus, all transactions whereby property or property rights or interests are gratuitously passed or conferred upon another, regardless of the means or device employed, constitute gifts subject to tax. * * * Where the law governing the administration of the decedent's estate gives a beneficiary, heir, or next-of-kin a right to completely and unqualifiedly refuse to accept ownership of property transferred from a decedent (whether the transfer is effected by the decedent's will or by the law of descent and distribution of intestate property), a refusal to accept ownership does not constitute the making of a gift if the refusal is made within a reasonable time after knowledge of the existence of the transfer. The refusal must be unequivocal and effective under local law. There can be no refusal of ownership of property after its acceptance. Where the local law does not permit such a refusal, any disposition by the beneficiary, heir, or next-of-kin whereby ownership is transferred gratuitously to another constitutes the making of a gift by the beneficiary, heir, or next-of-kin. * * * Treas. Reg. § 25.2511–1(c).

Thus, the primary determination to be made at this juncture is whether local law permits a beneficiary, heir, or next-of-kin to refuse or renounce the interest in the property which is the subject of this lawsuit. More specifically, does the law of the State of Ohio recognize the right of Anna Krakoff to renounce her interest in the survivorship property such that by operation of the renunciation exception to the imposition of a gift tax, as that exception is embodied in the Treasury Regulation set forth above, there is no gift tax due and owing upon such renunciation?

An initial point to be dealt with is the nature of the effect of the determination made by the Probate Court of Franklin County, Ohio upon the issues raised in the present lawsuit and the additional effect of the pronouncements of other courts of the State of Ohio relating to these same issues.

Fortunately, the Supreme Court of the United States has recently provided some authoritative guidelines in the area. In the case of Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967) the court stated:

Thus, under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling. It follows here then, that when the application of a federal statute is involved, the decision of a state trial court as to an underlying issue of state law should *a fortiori* not be controlling. This is but an application of the rule of Erie [R. Co.] v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], *supra*, where state law as announced by the highest court of the State is to be followed. This is not a diversity case but the same principle may be applied for the same reason, *viz.*, the underlying substantive rule involved is based on state law and the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving "proper regard" to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court. *Bosch, supra*, 387 U.S. at 465, 87 S.Ct. at 1782.

■ The Court considers the rationale expressed in *Bosch* as controlling in this case and will look initially to the law of Ohio as expressed by the state's highest court, and should there be a failure of that law to resolve the issues presented in this case, then the Court will weigh the merits of the lower court decisions.

■■ The basic position of the Ohio Supreme Court relative to the nature of joint bank accounts with rights of survivorship was stated in Cleveland Trust Co. v. Scobie, 114 Ohio St. 241, 151 N.E. 373 (1926). The Court held that the creation of a joint interest in a savings ac-

count entitles the person to whom the account is made payable jointly to the balance of the account.

Now when the decedent put the money in the bank subject to the right of his sister to withdraw therefrom, complying with all the rules of the bank, securing his sister's signature to the card evidencing the arrangement, he had done all that he could to place the account within her joint authority, and thereby by contract created in his sister a joint interest in the account, equal to his own. *Scobie, supra,* 114 Ohio St. at 248, 151 N.E. at 375.

The Court went on to cite with approval several cases from other jurisdictions which held that the mere creation of a joint bank account and the deposit of money therein operates as a complete and present gift to the non-contributing joint owner.

█ There have been no cases subsequent to *Scobie* which have altered this general rule. And in the context of the facts in the present case, this Court determines that the law of Ohio is that Anna Krakoff had, during the lifetime of her husband, a present and completed interest in the survivorship property. The theory of renunciation and non-acceptance, as asserted by the plaintiff, is invalid because by operation of Ohio law Anna Krakoff, by reason of her knowledge of the joint accounts, the signing of the signature cards required by the bank, the possible participation in the depositing and withdrawal of funds from the joint savings accounts and the signing of dividend checks on the jointly owned stock, was vested with equal title to the survivorship property. Anna Krakoff had acquired full title by virtue of the contracts creating the tenancies, and only the possibility of defeasance was extinguished by the death of Abraham Krakoff.

The plaintiff's contentions that the survivorship property was subject to the survivor's right of renunciation at the death of one of the joint owners can be arguably supported by only two cases cited in his brief. The syllabus in the case of Hershey, Exrx. v. Bowers, Tax Commr., 7 Ohio St.2d 4, 218 N.E.2d 455, reads as follows:

Where one during his lifetime creates out of his own funds a joint and survivorship deposit with another and without such co-owner's knowledge or consent, such co-owner may upon the discovery of such fact after the death of the creator of the account renounce any interest therein, and if such renunciation is made the deposit is not the subject of a succession tax as the property of the renouncing co-owner. *Hershey, supra,* 7 Ohio St.2d at 4, 218 N.E.2d at 456.

There can be little doubt of the co-owner's knowledge in the instant case and also little doubt that that fact most assuredly prevents the *Hershey* rationale from applying here.

There is one remaining factor to be dealt with at this time, that being the decision of the Probate Court of Franklin County, Ohio in In re Krakoff, 18 Ohio Ops.2d 116, 179 N.E.2d 566 (Franklin County, 1961). Initially, the Court notes that a seemingly opposite conclusion was reached by two other Ohio courts, In re Bauer's Estate, 91 Ohio Law Abst. 162, 191 N.E.2d 859 (Fulton County, 1962) and In re Williams' Estate, 73 Ohio Law Abst. 441, 138 N.E.2d 189 (Putnam County, 1956). To state, therefore, that the law of Ohio is as stated in the *Krakoff* case is somewhat less than accurate and the Court specifically rejects such a contention. Also, as previously discussed, the duty of this Court is to look to the highest court of the state, and having done so here and having concluded that the law is other than that urged by the plaintiff, further inquiry into the decisions of lower courts is unnecessary and might also be, in fact, precluded.

The Court holds that the renunciation of certain of the survivorship property was ineffective under local law and thus the gift tax was properly imposed on the gratuitous transfer from Anna Krakoff to her four adult children of two-thirds of the value of the purportedly dis-

claimed property. Further, the Court holds that the refusal of Anna Krakoff to accept certain of the survivorship property came only after both by operation of law and fact she had, in fact, accepted the property at the time of the contractual creation of the joint interests.

Whereupon, the Court determines that the motion of the defendant for summary judgment is meritorious and therefore it is granted. The Court further determines that the motion of the plaintiff for summary judgment is without merit and therefore it is denied.

This action is hereby dismissed.