OPINION OF THE COURT
C. Raymond Radican, J.
This is an application by the executor of the estate of Rose M. Lastella for permission to renounce a one-half interest in certain bank accounts and stocks held in joint tenancy by Rose Lastella and her predeceased husband, Vincent.
Vincent Lastella died on July 7, 1981. Rose died on September 18, 1981. She was survived by two children, Nancy Sarullo and Vito Lastella, the petitioner herein.
The subjects of the proposed renunciation are 17 bank accounts and certificates of deposit, and shares of stock in Sears, Roebuck & Co., American Telephone & Telegraph Co. and Seaview Terrace Mutual Housing Cooperative, Inc. The bank accounts are held in joint tenancy, in trust for Vito in some cases, and Nancy in others. The executor seeks to renounce one half of the funds on deposit in each of the bank accounts on the date of Vincent’s death, and one half the value of the shares of stock on the same date.
Under the present Federal estate tax law (Internal Revenue Code [of 1954], US Code, tit 26, § 2040 [not all of which is applicable to this estate due to the effective date of the Economic Recovery Tax Act of 1981 (ERTA)]) joint assets of a decedent and another, other than a spouse, are included as to the entire value thereof except where it can be *362 shown that the survivor made contributions. As to jointly held assets with a spouse, only one half of the joint assets will be included in the estate of the first to die.
EPTL 2-1.11 now provides that an interest in a joint tenancy may be renounced (EPTL 2-1.11, subd [a], par [1]; L 1980, ch 570, § 1, eff June 26, 1980). Paragraph (1) of subdivision (b) of the same law provides that “Any beneficiary of a disposition may renounce all or part of his interest; provided, however, that a surviving joint tenant or tenant by the entirety may not renounce that portion of an interest in joint property or property held by the entirety which is allocable to amounts contributed by him to the interest in such property”.
Substantial confusion exists in New York as well as other States with respect to the permissability for tax purposes, of renouncing interests in joint property, particularly joint bank accounts, in light of recent decisions and letter rulings which hold that acquiescence in the creation of a joint tenancy constitutes an acceptance of the entire interest and bars a subsequent renunciation at the death of a cotenant (see Kraloff v United States, 313 F Supp 1089, affd 439 F2d 1023).
The Uniform Disclaimer of Transfers Under Nontestamentary Instruments Act provides that a surviving joint tenant may disclaim as a separate interest any property or interest devolving to him by right of survivorship (presumably one half) and may disclaim the entire interest if the joint tenancy was created by the act of a deceased joint tenant and the survivor did not join in creating the joint tenancy (Uniform Disclaimer of Transfers Under Nontestamentary Instruments Act, § 1, 8 Uniform Laws Ann., 1982 Pocket Part). The drafters take the position that at least the portion of the joint tenancy derived through survivorship may be the subject of a disclaimer. Some States have adopted the provisions of the act or enacted similar provisions (see Arkansas [Ark Stats Ann, § 62-3202]; Maine [18 Me Rev Stats Ann, tit 18-A, § 2-801]; Maryland [Md Code, Estates & Trusts, § 9-201]; Oregon [Ore Rev Stats, § 105.625]).
The New York statute resembles that of Massachusetts (Mass Gen Laws Ann, ch 191A, § 2), in that it places no *363 restriction on the renunciation of an interest in joint property except to the extent that the survivor contributed to the interest. This is an attempt to provide as much latitude to the disclaimant at this stage in the proceedings, with the ultimate determination as to the validity of the disclaimer for tax purposes, to be made at a subsequent stage.
It has been consistently held that a renunciation made for the purposes of defeating creditors is not invalid for that reason alone. Indeed, one motive for the adoption of a statute permitting renunciation of intestate shares was to prevent the unequal treatment occasioned by permitting legatees and not distributees to defeat creditors by this method (Third Report of Temporary State Comm on Modernization, Revision & Simplification of Law of Estates, NY Legis Doc, 1964, No. 19, Report No. 1.6B, pp 259, 260). The caveat restricting renunciation to that part of the interest not contributed by the disclaimant was apparently incorporated to prevent the surviving tenant from defeating creditors by renouncing an interest which was his to begin with. To that extent the new amendment draws a distinction between those interests which pass from the deceased cotenant to the survivor and those interests which were initially the survivor’s.
The provision which prohibits a disclaimer of that portion of a joint account contributed by the survivor in order not to prejudice creditors can present somewhat of a problem. The main reason for this proceeding is merely to obtain permission by the executor to renounce for tax purposes and not to affect the rights of creditors. Nevertheless since the proposed Internal Revenue Code regulation (§ 25-2518-1 [c] [2]) provides that to the extent that local law permits the disclaimant’s creditors to satisfy their claims out of the disclaimed property, the disclaimer is not a qualified disclaimer for tax purposes ánd it is therefore important to treat the question of potential creditors’ rights. Here, the petitioner represents to the court that creditors would not be adversely affected by the disclaimers. In addition, the affidavit of Vito Lastella states that only a small amount of funds was contributed by the wife and presumably nothing approaching one half which is the only amount sought to be renounced. Were this not so, the *364 court would consider requiring a more detailed affidavit indicating that sufficient other estate assets exist to satisfy known creditors and also consider requiring the statutory period during which creditors’ claims may be presented (SCPA 1801, 1802) to elapse before approving the application.
The petitioner’s affidavit also indicates that neither the decedent nor her estate has received consideration for the proposed renunciation and the decedent did not exercise dominion or control over the assets sought to be renounced. In a stipulation filed with the court, Nancy Sarullo states that she joins in this application.
Based on the representations made the application is granted. The effect of the renunciation is to vest one half of the securities in the husband’s estate and one half in that of the wife’s estate to be distributed in accordance with the terms of their wills and that the Totten trust accounts be distributed to the donees with one half of the value for estate tax purposes attributed to the husband’s estate and one half to that of the wife’s.