ESTATE of Edna V. T. PETERS, Deceased, T. Graham Peters, Executor, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 11099.

United States Court of Appeals Fourth Circuit.

Argued May 2, 1967.

Decided Nov. 1, 1967.

G. Kibby Munson, Washington, D. C., (Charles B. McInnis and Roger H. Muzzall, and McInnis, Wilson, Munson & Woods, Washington, D. C., on the brief) for petitioner.

Robert J. Campbell, Atty., Dept. of Justice, (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and Jonathan S. Cohen, Attys., Dept. of Justice, on the brief) for respondent.

Before SOBELOFF, BOREMAN and WINTER, Circuit Judges.

WINTER, Circuit Judge:

█ The question we must decide is: Where, by gift, decedent created a joint tenancy with inherited property that had appreciated in value, and thereafter both decedent and the surviving joint tenant made capital expenditures on the property, the capital improvements not having been shown to have appreciated in value from the time of making until decedent's death, does § 2040 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2040, require the entire date-of-death value of the property to be included in the decedent's gross estate, less only the capital contributions of the surviving joint tenant? The Tax Court decided in the affirmative, Estate of Edna V. T. Peters, 46 T.C. 407 (1966), and we affirm.

Briefly stated, the facts are that the decedent inherited certain real property, known as the Mt. Olivet Road property, from her husband in 1942, at which time its fair market value was $33,650.00. Six years later, at a time when the value of the property had increased to over $64,000.00, she created a joint tenancy with her son, T. Graham Peters. From 1948 until her death in 1960, the decedent contributed $10,168.31 toward capital improvements on the property, while her son expended $16,485.19. The property was appraised in Mrs. Peters' estate at $95,000.00. The record established, and the Tax Court found, that the value of the improvements contributed by the son at the date of decedent's death was the cost to the son at the time of his contribution.

Applying literally the terms of § 2040,[1] the Tax Court held that the entire value

---

1. "§ 2040. Joint interests
   *The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person,* or as tenants by the entirety by the decedent and spouse, or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, *except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth: Provided,* That where such property or any part thereof, or part of the consideration with which

of the jointly owned property ($95,000.-00) was includable in the gross estate of the decedent, except the $16,485.19 contributed by her son. Rejected were two alternative contentions made by the estate, premised upon the purported application of the regulations promulgated under § 2040,[2] that only the actual cash contributed by the decedent and the surviving tenant in the form of capital expenditures on the property (excluding the value of the property by inheritance at the time of the creation of the joint tenancy) need be considered in apportioning their respective interests for estate tax purposes, or that the apportionment should be made of the basis of the "cost of acquisition" with decedent's cost including its fair market value at the date of her husband's death, thus eliminating the appreciation which occurred in the six years prior to the creation of the joint tenancy.[3] The Tax Court held that " * * * the regulation in question was not written by respondent with this situation in mind and was not intended to and

2. such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than an adequate and full consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further,* That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy by the entirety by the decedent and spouse, then to the extent of one-half of the value thereof, or, where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants." (emphasis supplied)

2. "Sec. 20.2040–1

(a) *In general.* A decedent's gross estate includes under Section 2040 the value of the property held jointly at the time of the decedent's death by the decedent and another person or persons with right or survivorship, as follows:

(1) To the extent that the property was acquired by the decedent and the other joint owner or owners by gift, devise, bequest, or inheritance, the decedent's fractional share of property is included.

(2) In all other cases, the entire value of the property is included except such part of the entire value as is attributable to the amount of the consideration in money or money's worth furnished by the other joint owner or owners. See § 20.2043–1 with respect to adequacy of consideration. *Such part of the entire value is that portion of the entire value of the property at the decedent's death (or* at the alternative valuation date described in section 2032) which the consideration in money or money's worth furnished by the other joint owner or owners bears to the total cost of acquisition and capital additions. In determining the consideration furnished by the other joint owner or owners, there is taken into account only that portion of such consideration which is shown not to be attributable to money or other property acquired by the other joint owner or owners from the decedent for less than a full and adequate consideration in money or money's worth.

The entire value of jointly held property is included in a decedent's gross estate unless the executor submits facts sufficient to show that property was not acquired entirely with consideration furnished by the decedent, or was acquired by the decedent and the other joint owner or owners by gift, bequest, devise, or inheritance." 26 C.F.R. § 20.2040–1 (emphasis supplied)

3. Under the estate's first contention, the value includable in the gross estate would be $39,668.20. This figure is computed by adding decedent's and the son's *cash* contributions, determining the percentage of decedent's *cash* contribution to total *cash* contributions and applying the resulting percentage to the unquestioned value of $95,000.00 of the property at the time of death.

Under the estate's second contention, the value includable in the gross estate would be $69,723.35. This figure is computed by adding decedent's cost (the value of the property as included in her husband's estate and her *cash* contributions) and the son's *cash* contributions, determining the percentage of decedent's cost to total cost and applying that percentage as before.

does not apply to the problem before us. * * * To apply this sentence of the regulation [italicized portion footnote 2] on the assumption that the decedent's cost was zero or that her 'cost of acquisition' was her basis (i. e., the fair market value of the property at the time of her husband's death) would require us to make a forced and unnatural construction of the sentence which would result in the circumvention of the obvious intendment of the statute and a contravention of the broad purposes stated in the first and fourth sentences of section 20.2040–1 (a) of the regulations." Id., p. 414.

■ The obvious scheme of § 2040 is to recapture the entire value of jointly-held property into a decedent's gross estate, notwithstanding the fact that the decedent may have made a gift under local law of one-half of the property. Section 2040 looks to the source of the consideration represented by the property and disregards legal title. In a case like that before us, the value of property is includable in the decedent's gross estate to the extent that the decedent furnished the consideration for acquiring the property; to the extent that that present value was supplied by consideration in money or money's worth flowing from the other joint tenant, that value is excluded from decedent's estate. The Tax Court's determination literally meets the language of § 2040 that the entire value of the jointly-owned property at the date-of-death of the decedent ($95,000.00) should be included in her gross estate, except " * * * such part * * * shown to have originally belonged to such other person and never to have been re-

ceived or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth * * *." In the case at bar, the excluded portion was $16,145.19, which the record showed was the cost as well as the present value of the son's contribution.

We agree with the Tax Court that the regulations do not require a contrary result. Implicit in the language of § 20.2040–1(a) (2) is the concept that its application is to *purchased* property subsequently put into joint ownership, not to inherited property thereafter put into joint ownership and improved.[4] The decedent's initial acquisition of the property in this case was by inheritance.

■ It has been shown that the facts before us fit precisely into the scheme of § 2040 without reference to the regulations. The estate points out that § 20.-2040–1(a) (1) of the regulations refers to property acquired by decedent *and the other joint owner or owners by gift, devise, bequest, or inheritance* and argues, therefore, that that section does not apply to this case. It follows, so the argument runs, that § 20.2040–1(a) (2) which provides that "[I]n all other cases," value is includable as therein provided, is applicable. To accept the estate's contention would be impliedly to hold that the treatment of value required by § 20.2040–1(a) (2) of the regulations conflicts with § 2040 of the Code, and that in this conflict the regulation prevails over the statute. This we could not do, even if we accepted the estate's reading of § 20.2040–1(a) (2), for clearly in the event of conflict, the statutory pro-

---

**4.** If it is assumed that a decedent inherits property, converts it into joint ownership by gift, the joint owner expends any sum on the property .and the decedent none and then the decedent dies, under the first contention advanced by petitioner, no part of the value of the property is includable in decedent's estate, irrespective of how much the property appreciated in value over and above the other joint tenant's contribution to value. Under the alternate contention, the result in hypothetical cases is not as pronounced, but in any hypothetical case

where the property has appreciated in value from the date of acquisition by decedent by inheritance and decedent has made little or no post-inheritance contribution while the other joint tenant has made contributions, such appreciation is heavily weighted to the contribution made by the other joint tenant and correspondingly excluded from decedent's estate. Undoubtedly, these were the considerations which caused the Tax Court to brand the estate's construction of the regulation as "forced and unnatural," as quoted in the text.

vision would prevail. However, in our view this point is not dispositive of the case before us. We read the regulation as having no application to the instant case, and the decision of the Tax Court is in accord with the statute.

Affirmed.