**Louis J. KRAKOFF, Executor, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 20544.**

United States Court of Appeals, Sixth Circuit.

Sept. 14, 1970.

R. T. Boehm, Clark P. Pritchett, William Wasserstrom, Columbus, Ohio, for appellant.

Johnnie M. Walters, Asst.Atty.Gen., Dept. of Justice, Tax Division, Washington, D.C., William W. Milligan, U.S.Atty., Columbus, Ohio, for appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge.

This case is pending on appeal from a judgment of the District Court and involves federal gift taxation. Appellant has not yet filed his brief on the merits. He has filed two motions. The first one requests us to certify a state law question to the Supreme Court of Ohio for decision. The second motion is to assign the first motion for oral argument with the suggestion that it be heard by the Court sitting en banc. Both motions will be denied for the reasons which follow.

It is not our practice to grant oral argument on preliminary motions. En banc hearings are ordered only on appeals or other proceedings on the merits and not on preliminary motions. Rule 35, Fed.R.App.P.

The facts in this case were not disputed. Appellant states that the legal question presented to the District Court was whether Ohio law recognizes the validity of a survivor's disclaimer of jointly held property. The District Judge, who practiced law in Ohio prior to his appointment to the federal bench and presumably was familiar with Ohio law, ruled against Appellant.

In our opinion, there is no authority for the Court to certify this question to the Supreme Court of Ohio for decision and to do so would be an exercise in futility.

The jurisdiction of the Supreme Court of Ohio is governed by Art. IV, § 2 of the Constitution of Ohio. There is no provision therein which authorizes certification of legal questions to the Supreme Court by a federal appellate court. Art. IV, § 3(B) (4) authorizes a state appellate court to certify a decision which conflicts with the decision of another state appellate court. The Supreme Court of Ohio does not render advisory opinions.

The Supreme Court of the United States has recognized the validity of certification where authorized by state statute. Moragne v. State Marine Lines, 398 U.S. 315, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); Clay v. Sun Insurance Co., 363 U.S. 207, 80 S.Ct. 1222, 4 L.Ed.2d 1170 (1960). Five states have adopted Florida's certification proceedings either by statute or court rule. Wright, Law of Federal Courts, 2d Ed., p. 204, note 57. Appellant cites no authority for certification in the absence of state statute or valid court rule. There is no statute or rule in Ohio authorizing such procedure. The Supreme Court of Ohio could not enlarge its jurisdiction under the Constitution by rule.

The question whether this court should abstain from deciding a question of state law can only be determined by the panel assigned to hear the case on its merits. On the propriety of abstention, see Meredith v. City of Winter Haven, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). In this Circuit, abstention has been recognized in a case involving construction of the Constitution of a state. Nolan v. Rhodes, 251 F. Supp. 584 (S.D.Ohio 1965), aff'd 383 U.S. 104, 86 S.Ct. 716, 15 L.Ed.2d 616 (1965). Abstention is not ordinarily granted in cases involving only common law questions which a federal court, under its diversity jurisdiction, is bound

to decide. Meredith v. City of Winter Haven, *supra.*

In Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), involving federal estate taxes, the Court held that a federal court is not bound by the decision of a state lower court where there had been no determination of a question of state law by the state's highest court. In that case, the court said:

> "If there be no decision by that court (state supreme court) then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State. In this respect, it may be said to be, in effect, sitting as a state court." 387 U.S. at 465, 87 S.Ct. at 1783.

Both motions are denied.