KRAKOFF, EXECUTOR, APPELLANT, *v.* UNITED STATES OF AMERICA, APPELLEE.

(No. 20544—Motion decided September 14, 1970; Decision on merits April 1, 1971.)

United States Court of Appeals, 6th Circuit.

*Mr. R. T. Boehm, Mr. Clark P. Pritchett* and *Mr. William Wasserstrom*, for appellant.

*Mr. Johnnie M. Walters*, assistant attorney general, and *Mr. William W. Milligan*, United States attorney, for appellee.

Before WEICK, EDWARDS and CELEBREZZE, Circuit Judges.

WEICK, Circuit Judge. This case is pending on appeal from a judgment of the district court and involves federal gift taxation. Appellant has not yet filed his brief on the merits. He has filed two motions. The first one requests us to certify a state law question to the Supreme Court of Ohio for decision. The second motion is to assign the first

motion for oral argument with the suggestion that it be heard by the court sitting en banc. Both motions will be denied for the reasons which follow.

It is not our practice to grant oral argument on preliminary motions. En banc hearings are ordered only on appeals or other proceedings on the merits and not on preliminary motions. Rule 35, Fed. R. App. P.

The facts in this case were not disputed. Appellant states that the legal question presented to the district court was whether Ohio law recognizes the validity of a survivor's disclaimer of jointly held property. The district judge, who practiced law in Ohio prior to his appointment to the federal bench and presumably was familiar with Ohio law, ruled against appellant.

In our opinion, there is no authority for the court to certify this question to the Supreme Court of Ohio for decision and to do so would be an exercise in futility.

The jurisdiction of the Supreme Court of Ohio is governed by Art. IV, Section 2 of the Constitution of Ohio. There is no provision therein which authorizes certification of legal questions to the Supreme Court by a federal appellate court. Art. IV, Section 3(B) (4) authorizes a state appellate court to certify a decision which conflicts with the decision of another state appellate court. The Supreme Court of Ohio does not render advisory opinions.

The Supreme Court of the United States has recognized the validity of certification where authorized by state statute. *Moragne* v. *State Marine Lines* (1970), 398 U. S. 315, 90 S. Ct. 1772, 26 L. Ed. 2d 339; *Clay* v. *Sun Insurance Co.* (1960), 363 U. S. 207, 80 S. Ct. 1222, 4 L. Ed. 2d 1170. Five states have adopted Florida's certification proceedings either by statute or court rule. Wright, Law of Federal Courts, 2d Ed., p. 204, note 57. Appellant cites no authority for certification in the absence of state statute or valid court rule. There is no statute or rule in Ohio authorizing such procedure. The Supreme Court of Ohio could not enlarge its jurisdiction under the Constitution by rule.

The question whether this court should abstain from deciding a question of state law can only be determined by

the panel assigned to hear the case on its merits. On the propriety of abstention, see *Meredith* v. *City of Winter Haven* (1943), 320 U. S. 228, 64 S. Ct. 7, 88 L. Ed. 9. In this circuit, abstention has been recognized in a case involving construction of the Constitution of a state. *Nolan* v. *Rhodes* (S. D. Ohio 1965), 251 F. Supp. 584, aff'd 383 U. S. 104, 86 S. Ct. 716, 15 L. Ed. 2d 616. Abstention is not ordinarily granted in cases involving only common law questions which a federal court, under its diversity jurisdiction, is bound to decide. *Meredith* v. *City of Winter Haven, supra.*

In *Commissioner of Internal Revenue* v. *Bosch* (1967), 387 U. S. 456, 87 S. Ct. 1776, 18 L. Ed. 2d 886, involving federal estate taxes, the court held that a federal court is not bound by the decision of a state lower court where there had been no determination of a question of state law by the state's highest court. In that case, the court said:

"If there be no decision by that court (state supreme court) then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the state. In this respect, it may be said to be, in effect, sitting as a state court." 387 U. S. at 465, 87 S. Ct. at 1783.

*Both motions are denied.*

(No. 20544—Decided April 1, 1971.)

Before Weick, Brooks and Miller, Circuit Judges.

Weick, Circuit Judge. This appeal is from an order of the district court, granting summary judgment in favor of the government in a gift tax refund case in which both parties had filed motions for summary judgment upon a stipulation of the facts.

Abraham Krakoff died testate in Ohio on December 20, 1960, at which time he held seven bank accounts and some corporate stock with his wife, Anna, as joint tenants with the right of survivorship. At his death, Abraham was

survived by Anna and four adult children. Abraham's will, which was admitted to probate and record by the Probate Court of Franklin County, Ohio, left his entire estate to Anna as sole beneficiary.

On March 22, 1961, Anna appeared before the probate court and renounced her rights as sole beneficiary under the will of her deceased husband, and elected to take her statutory share as surviving spouse under the Ohio statutes of descent and distribution.[1]

On May 12, 1961, Anna reappeared before the probate court, and filed a petition as executrix in which she renounced all her right, title and interest as surviving joint tenant in said corporate stocks and bank accounts, held jointly with her husband with rights of survivorship, and she sought a declaratory judgment regarding the disposition of this property.[2] The government was not a party to this proceeding. On July 31, 1961, the probate court held that Anna's renunciation of the property was effective, and therefore this property which would normally have remained outside the probate estate of Abraham now became probate property to be distributed to his wife and children as if there had been no survivorship provisions.[3]

The effect of Anna's election to take against the will coupled with her renunciation of the joint and survivorship property was to pass all of this renounced property through the estate of Abraham. Anna thereby received one-third of it and the four surviving children shared equally in the remaining two-thirds, under the statutes of descent and distribution. The children would never have received any of this property by operation of Abraham's will or the Ohio intestacy laws but for the transfer caused by Anna's renunciation. The amount received by the four surviving children was $82,046.29. It is this transfer, indirectly from

---

[1]R. C. 2107.39 and 2105.06 (C), under which Anna was entitled to a one-third share.

[2]The renunciation did not involve all of the property jointly held with right of survivorship. They held industrial bonds valued at $4,885.00, United States Treasury bonds at $68,621.83, and bank accounts of $12,433.57 which Anna did not renounce.

[3]*In re Krakoff* (Ohio Prob. Franklin County, 1961), 87 Abs. 387.

Anna to her four children, that is claimed by the Internal Revenue Service to be a taxable gift.

On May 24, 1964, the Internal Revenue Service assessed a gift tax deficiency against Anna Krakoff for 1961, for the amount of $5,823.69 derived from the value of the property which was the subject of the alleged gift. After this assessment was paid, the deficiency was recomputed as only $4,173.68, and the difference was refunded.

Subsequently Anna Krakoff died, and the executor of her estate, Louis J. Krakoff, became the nominal plaintiff in this suit for a refund of the $4,173.68. The district court held that Anna's renunciation was invalid under Ohio law,[4] because she was vested with equal title and ownership in the survivorship property at the time of the creation of the tenancies by virtue of the contracts creating the tenancies, and therefore could not renounce, after her husband's death, property in which she had title and had already accepted, prior to the time of her attempted renunciation.

The issue of the effectiveness of Anna's renunciation under Ohio law is paramount, as shown by Treas. Reg. Sec. 25.2511-1(c):

"The gift tax also applies to gifts indirectly made. Thus, all transactions whereby property or property rights or interests are gratuitously passed or conferred on another, regardless of the means or device employed, constitute gifts subject to tax. See further Sec. 25.2512-8. Where the law governing the administration of the decedent's estate gives a beneficiary, heir, or next-of-kin a right to completely and unqualifiedly refuse to accept ownership of property transferred from a decedent (whether the transfer is effected by the decedent's will or by the law of descent and distribution of intestate property), a refusal to accept ownership does not constitute the making of a gift if the refusal is made within a reasonable time after knowledge of the existence of the transfer. The refusal must be unequivocal and effective under the local law. There

---

[4] *Krakoff* v. *United States* (S. D. Ohio 1970), 28 Ohio Misc. 22, 313 F. Supp. 1089.

can be no refusal of ownership of property after its acceptance. Where the local law does not permit such a refusal, any disposition by the beneficiary, heir, or next-of-kin whereby ownership is transferred gratuitously to another constitutes the making of a gift by the beneficiary, heir, or next-of-kin."

The district court examined Ohio law regarding the nature of joint and survivorship bank accounts. The decisions of state trial courts are not binding upon federal courts; if there is no decision of the state's highest court, federal courts "must apply what they find to be the state law, after giving 'proper regard' to relevant rulings of other courts of the state." *Commissioner* v. *Estate of Bosch* (1967), 387 U. S. 456, 465, 87 S. Ct. 1776, 1783, 18 L. Ed. 2d 886. The district court found that the renunciation was ineffective under Ohio law, and therefore the gift tax was properly imposed. We agree.

The Ohio Legislature has not enacted any statute recognizing the renunciation of nonprobate property such as joint tenancy with the right of survivorship, as in this case.[5] This is only to say that the effectiveness of Anna's renunciation is not sanctioned by Ohio statutory law; it is still necessary to examine Ohio case law to determine the nature of joint and survivorship accounts in Ohio and the validity of the renunciation.

Ohio does not recognize common law joint tenancy. *In re Estate of Hutchison* (1929), 120 Ohio St. 542; *Sage* v. *Flueck* (1937), 132 Ohio St. 377, 379-380; *Casey* v. *Gallagher* (1967), 11 Ohio St. 2d 42, 58. However, Ohio does recognize the contractual creation of a joint and survivorship account, in which two or more persons can be the joint owners, and upon the death of one, the survivor succeeds to what is left of the account. *Cleveland Trust Co.* v. *Scobie* (1926), 114 Ohio St. 241; 7 Ohio Jurisprudence 2d Banks, Section 148.

Abraham and Anna Krakoff had such contractual joint

---

[5]On October 6, 1961, Ohio R. C. 2105.06.1 became effective, which provided for renunciation of an interest in any property receivable through intestate succession.

and survivorship accounts in the funds deposited in the banks and in the shares of stock. The nature of Anna's interest in these accounts must be ascertained in order to determine whether Ohio law would effectuate her renunciation of the accounts and stocks.

The case law of Ohio establishes a presumption that when money is deposited in a bank account carried in the joint names of a husband and wife, with the balance, at the death of either, payable to the survivor, that both joint tenants are co-owners. This presumption is rebuttable, in that evidence can be introduced to show that the account was established on a different basis. *In re Estate of Duiguid* (1970), 24 Ohio St. 2d 137, 140: "The existence of a joint and survivorship bank account raises only a rebuttable presumption that co-owners of the account share equally in the true ownership of the funds on deposit. * * *" (Syl.) *In re Estate of Svab* (1967), 11 Ohio St. 2d 182, 184; *Fecteau* v. *Cleveland Trust Co.* (1960), 171 Ohio St. 121, 124-125; *Union Properties, Inc.,* v. *Cleveland Trust Co.* (1949), 152 Ohio St. 430, 434, 435: "[T]he form of the deposit should not be treated as conclusive on the subject of joint ownership and the door should be opened to evidence that the deposit was in truth made and maintained on a different basis. In other words, the 'realities of ownership' may be shown."

Thus, where one joint tenant supplied all the funds deposited in a joint and survivorship account, and she relied on the other joint tenant to make out checks and deposit money into the account, the account was held to be one of convenience, and the non-contributing joint tenant was held not to have true co-ownership of the account. *In re Estate of Svab, supra.* Similarly, where it can be shown that it was not the intention of the creator of the account to vest in the joint tenant equal interest and ownership, this intention will be carried out despite the form of the account. *Union Properties, Inc.,* v. *Cleveland Trust Co., supra.*

It was stipulated that Anna Krakoff knew of the joint bank accounts and shares of stock with the right of survivorship. Anna had signed the banks' signature cards in

preparation for the opening of the accounts, and there-after either Anna or Abraham or possibly both made deposits in one or more of the accounts. She also endorsed dividend checks received from the shares of stock held jointly. There is nothing contained in the stipulation of facts which rebuts the presumption that Abraham and Anna Krakoff were true co-owners of the joint and survivorship accounts. It must be assumed then, despite appellant's assertions to the contrary, that Anna was a real co-owner of the bank accounts and shares of stock, at the time of the creation of the accounts and at Abraham Krakoff's death.

Given this determination of the nature of Anna's interest in the joint and survivorship accounts, it is now necessary to decide if Ohio law would recognize as effective a renunciation of such an interest. Only two Ohio Supreme Court cases of which we are aware deal with renunciation. Both involved Ohio's inheritance tax, where devisees renounced bequests, and thereby avoided succession taxes. R. C. 5731.02 (formerly G. C. 5332).

In *Tax Commission* v. *Glass* (1928), 119 Ohio St. 389, the court stated that the legatees under a will need not accept the property left to them when they were unwilling to comply with the conditions for acceptance enunciated in the will. The court gave effect to their refusal to accept, and therefore the legatees were not subject to the succession tax.

Closer to the instant case is *Hershey* v. *Bowers* (1966), 7 Ohio St. 2d 4. There, a decedent had created joint and survivorship bank accounts with his daughters, without their knowledge. After decedent's death, the daughters discovered the existence of the accounts, and renounced their interests therein. Despite the renunciations, the Tax Commissioner imposed an inheritance tax, claiming that the passing of the accounts was a succession to the daughters.[*] The court affirmed the lower court's reversal of the imposition of the tax, stating that the daughters' renunciations were effective since they had no knowledge of the exist-

---

[*]Under Ohio R. C. 5731.02 (E), joint and survivorship property is treated as any other bequest for succession tax purposes.

ence of the accounts, and therefore had never accepted ownership of the accounts.

Neither case is beneficial to appellant's position.[7] Both cases give effect to a renunciation only when the person renouncing has not previously accepted any beneficial interest or ownership. In the instant case, we have already determined that under Ohio law, Anna Krakoff was a co-owner of the joint and survivorship accounts and stocks. She could not very well renounce or disclaim any interest in property which she had already accepted. Her renunciation being ineffective, the district court was correct in holding that the gift tax was properly imposed on the gratuitous transfer from Anna Krakoff to her four children, in the amount of two-thirds of the value of the property purportedly disclaimed.

Appellant claims that imposition of the gift tax will constitute an "extra tax" on the same property, in that the total value of the property held in the joint and survivorship accounts had previously been fully taxed to the estate of Abraham Krakoff. It is argued that pursuant to 26 U. S. Code, Section 2040,[8] it was presumed that all of the joint property belonging to Abraham Krakoff; that estate taxes were paid on the full amount of the joint and survivorship accounts; that imposition of a gift tax on this same property, now based on the opposite theory that Anna

---

[7]That appellant recognized that this issue has not been finally resolved in Ohio is evidenced by the fact that he filed a motion asking us to transfer this appeal to the Supreme Court of Ohio for determination of the question of state law. We denied the motion for the reason that there was no state statute or state court rule authorizing such procedure. *Krakoff* v. *United States* (6th Cir. 1970), 31 Ohio Misc. 252, 431 F. 2d 847.

[8]"Sec. 2040. Joint Interests.

"The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, * * * or deposited, with any person carrying on the banking business, in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth. * * *"

Krakoff always was a true co-owner of the accounts, allegedly constitutes an "extra tax."

We are not persuaded by this argument. We have already determined that pursuant to Ohio law pertaining to joint and survivorship accounts there was a taxable gift, due to the ineffectiveness of Anna's renunciation, and that the gift tax was properly imposed under appropriate federal law. The correctness of Abraham's estate tax is not a matter before us, but it is significant to note that it was his estate's burden to rebut the presumption that he had furnished all the consideration for the joint and survivorship property. The failure to rebut the presumption then does not alter the present fact that Anna, for gift tax purposes, was a true co-owner, and gratuitously transferred her interest in the property to her children.

That different purposes are contemplated in the federal estate and gift tax schemes is evidence in *Estate of Peters* v. *C. I. R.* (4th Cir. 1967), 386 F. 2d 404, 407. The court stated that it is the purpose of Section 2040 of the federal estate tax scheme to "recapture the entire value of jointly-held property into a decedent's gross estate, notwithstanding the fact that the decedent may have made a gift under local law of one-half of the property." In the instant case, the decedent did not make a gift under local law to Anna, but rather, by the contracts creating the tenancies, gave her equal interest and ownership in the property. The court in *Estate of Peters, supra,* said:

"Section 2040 looks to the source of the consideration represented by the property and disregards legal title."

As we have seen, the federal gift tax is concerned with legal title.

*Affirmed.*