ESTATE OF MARTHA K. CAMPBELL, DECEASED, DONOR, LILLIAN S. CAMPBELL, ADMINISTRATRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7896–70.   Filed October 24, 1972.

*Edward M. Dooley*, for the petitioner.
*Christopher D. Rhodes*, for the respondent.

BRUCE, *Judge:* The Commissioner determined a deficiency in the gift tax of Martha K. Campbell for the year 1965 in the amount of $20,016.27 and an addition to tax under section 6651(a)(1)[1] of $5,004.07. Petitioner is the administratrix of the Estate of Martha K. Campbell. The sole issue is whether Martha Campbell made a gift to her son George when she transferred to him an interest in the partnership T. H. Campbell & Bros. for $22,992.78.

### FINDINGS OF FACT

Some facts have been stipulated and the stipulation of facts, together with the exhibits attached thereto, are incorporated by reference.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended.

Martha K. Campbell died intestate a resident of Middlesboro, Ky., on August 22, 1968. George H. Campbell, son of the decedent, was duly appointed as administrator of the Estate of Martha K. Campbell on September 24, 1968. At the time the petition was filed, George H. Campbell was a resident of Middlesboro, Ky.

The estate tax return for Martha Campbell was filed with the district director of internal revenue at Louisville, Ky.

Subsequent to the filing of the petition herein George H. Campbell died and Lillian S. Campbell, his wife, has been appointed administratrix of the Estate of Martha K. Campbell.

Martha K. Campbell was the widow of Tilman H. Campbell, who died a resident of Middlesboro, Ky., on July 16, 1964. His survivors were his widow, a son, George H. Campbell, and two daughters, Jane K. Campbell and Edythe C. Clower, all of whom were of legal age.

Tilman H. Campbell died testate, and the operative part of his will provided:

I will, bequeath and devise to my wife, Martha J. Campbell, all and singular, my property and estate of every sort or description and wheresoever situated, and appoint her as executrix of this my will, without bond to be required of her. My wife shall have complete and exclusive power and disposition of my estate to do with as she pleases, and may convey away, sell or transfer all, or any portion thereof as she may desire to do.

If at her death any portion of my estate is left in her hands, it is to be equally divided between my three children; Edythe Campbell, George Campbell, and Jane Campbell.

The principal asset in Tilman's estate was his partnership interest in T. H. Campbell & Bros. Tilman and his son George were each 50-percent partners in the business, and at his death Tilman's interest was valued at $145,954.

The partnership agreement provided:

Each of the partners for their heirs, executors, administrators or personal representatives agree that in the event of dissolution of this partnership from [sic] any cause whatsoever, that if any one or more of the partners wish to continue that partnership business, that the partner wishing to withdraw and dissolve the partnership, or the executor, administrator of [sic] personal representative of the deceased partner shall first offer the interest of the partner wishing to withdraw, or the personal representative of the deceased partner, shall offer such interest to any one or more of the partners who may wish to buy, and the partners wishing to continue the business of the surviving partners, shall have the unqualified first right to purchase such interest.

On January 30, 1965, Martha K. Campbell conveyed an interest in T. H. Campbell & Bros. to George H. Campbell for $22,992.78. The price paid was equal to the value of a life estate of Martha Campbell in her deceased husband's share of T. H. Campbell & Bros., as determined under the provisions of Kentucky Revised Statutes which de-

termine the value of a life estate for inheritance tax purposes. No written documentation evidencing the conveyance was introduced into evidence.

Thereafter, on February 1, 1965, T. H. Campbell & Bros. was incorporated. The instrument transferring partnership property to the corporation reads, in part, as follows:

THIS DEED OF CONVEYANCE made and entered into this 1st day of February, 1965, by and between T. H. CAMPBELL & BROS., a Partnership, all of the assets of which are now owned by George H. Campbell, party of the first part, Middlesboro, Bell County, Kentucky; and T. H. CAMPBELL & BROS., INC., a Kentucky corporation having its principal office in Middlesboro, Bell County, Kentucky, party of the second part.

The deed of conveyance was signed by George H. Campbell only.

The articles of incorporation list the incorporators as George H. Campbell, Edythe Clower, and Jane Campbell, each of whom subscribed to 10 shares of stock.

Martha Campbell filed no gift tax returns during her lifetime. She conveyed no other interest in the partnership other than the interest transferred to George. No interest in the partnership was included in the estate tax return for Martha's estate.

### OPINION

The Commissioner determined that Martha Campbell made a gift to her son George when she conveyed an interest in T. H. Campbell & Bros. to him. Martha acquired her interest in the partnership by bequest when her husband, Tilman H. Campbell, died. That interest was valued at $145,954 at Tilman's death, and approximately 6 months later Martha conveyed an interest to George for $22,992.78. Respondent contends that under Tilman Campbell's will Martha acquired all the rights of an absolute owner in the partnership interest except the power to make a testamentary disposition. Respondent maintains that because Martha could have sold the partnership interest for its full value that she made a gift when she sold it for less. Petitioner contends that the interest Martha received in her husband's property was a life estate with an unlimited power to invade the principal and asserts that Martha transferred only a life estate in the partnership interest and received full value for that estate.

In determining whether Martha did make a gift, we first must look to Kentucky law to define the property interests created by Tilman Campbell's will. Kentucky law requires a court to ascertain the testator's intent from the complete will. *Hanks* v. *McDanell*, 307 Ky. 243, 210 S.W. 2d 784 (1948). It is apparent that Tilman intended first, that his wife have unfettered use and control of all his property and sec-

ond, that if, at her death, she left any of his estate unused, it was to be divided between his children. Kentucky courts interpret this type of disposition as giving the life tenant every incident of absolute ownership except the power to make a testamentary disposition, and such an arrangement is approved by Kentucky law. *Lanciscus* v. *Louisville Trust Co.*, 201 Ky. 222, 256 S.W. 424 (1923). Thus Martha possessed the power to consume or appoint all of her deceased husband's property without obligation to the remaindermen or anyone else. *Id.*; see *Snyder* v. *United States*, 203 F. Supp. 195 (W.D. Ky. 1962).

The rights given to Martha constitute, for Federal tax purposes, a general power of appointment. See generally 5 Mertens, Law of Federal Gift & Estate Taxation, sec. 37.11 (1959). Section 25.2514–1(b), Gift Tax Regs., provides:

> (b) *Definition of "power of appointment"*—(1) *In general.* The term "power of appointment" includes all powers which are in substance and effect powers of appointment received by the donee of the power from another person, regardless of the nomenclature used in creating the power and regardless of local property law connotations. For example, if a trust instrument provides that the beneficiary may appropriate or consume the principal of the trust, the power to consume or appropriate is a power of appointment.

Section 2514(c) of the Code provides that:

> the term "general power of appointment" means a power which is exercisable in favor of the individual possessing the power (hereafter in this subsection referred to as the "possessor"), his estate, his creditors, or the creditors of his estate * * *

Thus a power of appointment is a general one if the donee of the power may appoint to himself, his estate, his creditors, or the creditors of his estate.[2] Martha, of course, could appoint to herself, and since her power included all of her deceased husband's property, she possessed a general power of appointment over all of his estate. Thus she possessed the power to sell the entire partnership interest for full value.

Petitioner maintains, however, that Martha did not transfer her full interest in the partnership. It is argued that she conveyed only a life estate. Because she received from George the value of her life estate in the partnership property, petitioner contends that no gift occurred. We note, however, that no written documentation of the transaction was introduced into evidence and apparently, none existed. Also, the deed of conveyance between the partnership and the newly formed corporation recites that all of the partnership assets were owned by George H. Campbell. Martha never made any other transfer

---

[2] Sec. 2514(c) uses the disjunctive "or" in listing possible appointees of a general power. Thus the power to appoint only one of the possible appointees creates a general power of appointment. Cf. *Estate of Rebecca Edelman*, 38 T.C. 972 (1962).

involving the partnership property. And her estate tax return included no interest in the partnership. Considering all the facts, we conclude that Martha did transfer her entire interest in the partnership property.

Thus Martha conveyed to George for $22,992.78 the partnership interest valued at $145,954.

Section 2512(b) provides:

Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift * * *

Therefore Martha effected a gift to George in the amount of $122,961.22.[3]

Petitioner briefly suggests that Martha renounced any interest in her husband's estate greater than a life estate. Support for this position is apparently drawn from the final settlement filed by George Campbell, then executor of Tilman Campbell's estate.

The final settlement is not in evidence, and the order of the County Court for Bell County, Ky., dated July 31, 1967, filing the final settlement states:

Came, George H. Campbell, executor of the above styled estate, and filed his final settlement and account with the Court wherein he shows that Martha K. Campbell is entitled to a life estate in the personal property of T. H. Campbell, deceased and that George H. Campbell, Edythe C. Clower and Jane K. Campbell are entitled to the remainder in the personal property of T. H. Campbell, deceased.

IT IS HEREBY ORDERED that George H. Campbell, executor, be authorized to transfer to Martha K. Campbell a life estate in all of the remaining personal property of the estate of T. H. Campbell, deceased, and that the remainder interest in the personal property of T. H. Campbell, deceased, be transferred to George H. Campbell, Edythe C. Clower and Jane K. Campbell, and that the final settlement lay over until the first day of the next term of this Court in order that exceptions may be filed thereto. If no exceptions are filed prior to the 31st day of August, 1967, order shall be entered finally approving this settlement.

The final settlement, rendered in a nonadversary proceeding, pertains only to a life estate. It is apparent, however, that the County Court merely accepted the interpretation placed upon the will by the executor. This Court, of course, is not bound by the County Court order which is contrary to the clear holdings of the Kentucky Court of Appeals. *Commissioner* v. *Estate of Bosch*, 387 U.S. 456 (1967); *Krakoff* v. *United States*, 439 F. 2d 1023 (C.A. 6, 1971); *Estate of Mary V. Rowan*, 54 T.C. 633 (1970). The conclusion we have reached regarding the property interests created by Tilman's will conforms, in our opinion, to the law of Kentucky as expressed by its highest court.

---

[3] There has been no showing that the value of Tilman's partnership interest changed between the date of his death and the date of the conveyance.

In any event, the County Court order does not even purport to be a renunciation by Martha. Moreover, Kentucky Revised Statutes, sec. 394.320, provides: "A devisee may disclaim by deed, acknowledged or proved, and left for record in the clerk's office of the court in which the probate is made, within a year after notice of the probate."

The order was not filed within a year after notice of probate as required by the statute and was filed almost 2½ years after the conveyance to George. There is no merit in petitioner's contention.

There remains for consideration petitioner's suggested computation of the actual amount of the taxable gift. The stipulated value of T. H. Campbell's interest in the partnership at the date of his death is $145,954. However, petitioner contends that the amount transferred could not be valued at $145,954. This conclusion rests on the theory that the estate of T. H. Campbell did not contain that amount when Martha received the estate. Petitioner's computation purports to deduct from the gross estate of T. H. Campbell inheritance and estate taxes paid. The computation also shows a deduction in the amount of the marital deduction allowed ($8,944 worth of bonds and insurance policies which presumably passed directly to Martha rather than through the probate estate). The computation seeks to demonstrate that taxes and expenses so depleted the estate that the principal asset (the partnership interest) was necessarily somehow diminished in value.

The computation, however, is inaccurate. Petitioner has used the amount of the taxable estate in place of the amount of the gross estate. T. H. Campbell's estate tax return is not in evidence, and the record does not allow a precise computation of his gross estate. Petitioner has wholly failed to prove her point.[4]

Respondent's deficiency determination is based on the total gift of $122,961.22 which Martha made to George. Petitioner contends that any gift would have been to three donees since George immediately transferred part of the partnership interest to his two sisters. However, the record fails to disclose anything other than a voluntary transfer from George to his two sisters. There is no evidence of an arrangement between Martha and George whereby the latter's two sisters would receive part of the partnership interest conveyed to George. Petitioner has shown only that one donee existed, and accordingly Martha is entitled to only one exclusion as provided for in section 2503(b). The parties have assumed that Martha had made no taxable gifts other than the one involved here, and we conclude that she is entitled to the entire specific exemption as provided for in section 2521.

---

[4] It would appear from the many exhibits, however, that T. H. Campbell's gross estate was $194,424.74. It would appear then, that the estate's debts and taxes could have been paid without diminishing the value of the partnership interest.

Respondent determined an addition to tax under section 6651(a)(1). That section provides for an addition to the tax in the case of failure to file a required return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect."

The burden of showing reasonable cause rests upon petitioner. *Electric & Neon, Inc.*, 56 T.C. 1324 (1971). Petitioner argues that Martha did not think she made a gift and thus did not think that she was required to file a gift tax return. But the mere fact that Martha was unaware that the transaction would produce tax consequences is not reasonable cause. In *Robert A. Henningsen*, 26 T.C. 528, 536 (1956), affd. 243 F. 2d 954 (C.A. 4, 1957), this Court noted:

Mere uninformed and unsupported belief by a taxpayer, no matter how sincere that belief may be, that he is not required to file a tax return, is insufficient to constitute reasonable cause for his failure so to file. * * *

See also *William E. Adams*, 46 T.C. 352 (1966); *N. Y. State Assn. Real Est. Bd. Group Ins. Fund*, 54 T.C. 1325 (1970).

On this record then, we conclude that petitioner is liable for the addition to tax imposed by section 6651(a)(1).

*Decision will be entered under Rule 50.*