ANN ARBOR TRUST COMPANY,
Plaintiff-Appellant,

v.

NORTH AMERICAN COMPANY FOR
LIFE AND HEALTH INSURANCE
et al., Defendants-Appellees.

No. 75–1217.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 6, 1975.

Decided Dec. 8, 1975.

Rehearing Denied Jan. 19, 1976.

William D. Barense, Dobson, Griffin &
Barense, Ann Arbor, Mich., for plaintiff-
appellant.

John E. S. Scott, B. Kingsley Buhl,
Dickinson, Wright, McKean & Cudlip,
Detroit, Mich., for defendants-appellees
North American Co. for Life and Health
Ins., Provident Life and Accident Ins. Co.
and Massachusetts Mut. Life Ins. Co.,
Jack C. Radcliffe, Jr., Dahlberg, Mallen-
der & Gawne, Detroit, Mich., for defend-
ant-appellee Professional Life and Casu-
alty Co.

Before PHILLIPS, Chief Judge, and
PECK and LIVELY, Circuit Judges.

PHILLIPS, Chief Judge.

This appeal involves the suicide provisions of four life insurance policies. Jurisdiction is based on diversity of citizenship. Michigan law controls.

On November 5, 1971, Alexander P. Dukay, a practicing psychiatrist, shot and killed his daughter and his wife, and then reloaded the revolver and killed himself in the kitchen of their home in Ann Arbor, Michigan. Within two years prior to his death, Dr. Dukay purchased nine insurance policies, all of which contained provisions to the effect that if the insured should commit suicide while sane or insane within two years from the date of issue, the only liability of the insurance companies would be to return the premiums paid.

Nine suits were filed in Michigan State courts. Four of these cases were transferred to the United States District Court. The District Court granted summary judgment in favor of the insurance companies. The trust company, beneficiary under the policies, appeals. For a more detailed recitation of facts, reference is made to the decision of Chief District Judge Fred W. Kaess in the action against North American Company, reported at 383 F.Supp. 311 (E.D.Mich. 1974).

The other five cases, involving the same questions of law, remain pending in Michigan trial courts.

■ The District Court held that the actions of the insured constituted "suicide, sane or insane" within the meaning of the exclusionary provisions of the North American Insurance policy, whether or not the insured had the capacity to comprehend the physical nature or consequences of his act.

We conclude that this decision is supported by the rationale of the following controlling opinions of the Supreme Court of Michigan: *Courtemanche v. Supreme Court, Independent Order of Foresters,* 136 Mich. 30, 98 N.W. 749 (1904); *Sabin v. Senate of the National Union,* 90 Mich. 177, 51 N.W. 202 (1892); *Blackstone v. Standard Life & Accident Ins.*

*Co.,* 74 Mich. 592, 42 N.W. 156 (1889); *Streeter v. Western Union Mutual Life & Accident Society of the U. S.,* 65 Mich. 199, 31 N.W. 779 (1887); and *John Hancock Mutual Life Ins. Co. v. Moore,* 34 Mich. 41 (1876).

■ It is recognized, however, that the law in this area is not settled. See Annotation, 9 A.L.R.3d 1015 (1966). This court cannot be certain what interpretation the Supreme Court of Michigan would place upon its five earlier decisions cited above, the latest of which was announced in 1904. Under *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), it is our obligation to make a considered "educated guess" as to what decision would be reached by the Supreme Court of Michigan with respect to the policies involved in this litigation under the facts of the present case.

Presumably one or more of the five suits now pending in Michigan trial courts will find their way to the appellate courts of that State. If the Supreme Court of Michigan should reach a decision contrary to the judgment of Judge Kaess and the conclusion we have expressed in this opinion, the decision of that court would be controlling and our decision would be erroneous.

■ In spite of the uncertainty of State law on this subject, this is not an appropriate case for abstention by this court. In *Krakoff v. United States,* 431 F.2d 847, 848 (6th Cir. 1970) this court said: "Abstention is not ordinarily granted in cases involving only common law questions which a federal court, under its diversity jurisdiction, is bound to decide."

Therefore, we affirm the judgment of the District Court, but remand this action to that court with instructions that it be retained on the docket of the District Court pending final disposition of the five cases now pending in the State courts. If the Supreme Court of Michigan should render a decision in one of those five cases contrary to the conclusion we have reached, the District Court

shall reopen the case and make a determination consistent with the decision of the Supreme Court of Michigan with respect to the interpretation and effect to be given the suicide provisions of the insurance policies in question.

Two children of Dr. and Mrs. Dukay survive this tragedy. The appellant, Ann Arbor Trust Co., is beneficiary under the insurance policies for the use and benefit of these two children. The disposition we make on this appeal will protect the rights of these two children in the event the Supreme Court of Michigan should decide against the insurance companies on the issues presented here.

Affirmed and remanded with instructions. The costs of this appeal are assessed against appellant.